**MECHLING, n.k.a. Edenfield, Appellee,**

v.

**K–MART CORPORATION, Appellant.**

[Cite as *Mechling v. K–Mart Corp.* (1989), 62 Ohio App.3d 46.]

Court of Appeals of Ohio,
Trumbull County.

No. 3988.

Decided March 6, 1989.

*W. Leo Keating,* for appellee.

*Julianne Piston* and *Timm H. Judson,* for appellant.

RANDALL L. BASINGER, Judge.

Appellee, Diane Mechling, was hired by appellant, K–Mart Corporation, on August 24, 1982. On June 18, 1983, appellee sustained an injury during the course of and arising out of her employment. She was treated by Dr. Novosel, her family physician, and was instructed to discontinue work for one week.

On June 28, 1983, appellee filed a workers' compensation claim. Appellant certified that claim and has continued to pay to appellee temporary total compensation.

On July 2 and July 5, 1983, appellee visited Dr. Novosel's office. He indicated she should remain off work until July 10 and could return to work July 11, 1983. On July 8, appellee was treated by Dr. Pannozzo and filed a request to change physicians from Novosel to Pannozzo.

On July 14, 1983, appellee received treatment from Dr. James, retained by appellant to conduct pre-employment and return-to-work examinations for industrial injuries. Based upon the results of the examination, Dr. James extended appellee's disability to July 18, 1983. Based upon subsequent examinations, Dr. James, who was appellee's doctor of record, extended disability through August 15, 1983. On August 12, 1983, Dr. James examined appellee and reiterated that she could return to work on August 15.

Appellee returned to work on the 15th, but after experiencing back spasms, she attempted to schedule an appointment with Dr. James. The doctor refused to schedule the appointment, noting appellee would experience some discomfort.

Appellee continued to work, and on August 19, 1983, she discussed her injury with the personnel manager. Appellee was reassigned to work in a different division at the facility.

On August 29, 1983, appellee returned to her original duties. On September 2, 1983, after being unable to schedule an appointment with Dr. James, appellee again visited Dr. Novosel for her injury. Following that examination, the doctor took appellee off work until September 19. Appellee presented the note from Dr. Novosel to appellant. Appellee was informed that the notification was not acceptable because Dr. Novosel was not the doctor of record and because the note contained no specific diagnosis. Appellee was also advised that any absence from work would be considered personal time.

Based upon the examination by Dr. Novosel, appellee was absent from work on September 6, 7, and 8. She did not call in and report off pursuant to the company handbook. On the following day, appellant drafted a separation agreement, dating it September 9, 1983.

On March 9, 1984, one hundred and eighty-two days after September 9, 1983, appellee filed a complaint alleging she had been discharged for filing a workers' compensation claim in violation of R.C. 4123.90.

Appellant filed a motion for summary judgment based upon the untimeliness of the complaint. The court denied that motion.

On September 21, 1987, a bench trial took place and judgment was entered for appellee on October 21, 1987. The court concluded appellee had been wrongfully discharged and ordered her reinstated with all rights, privileges and benefits lost since her discharge, excluding back wages. Appellant appealed that decision based upon the following assignments of error:

"1. The trial court erred in overruling defendant-appellant's motion for summary judgment.

"2. The trial court's findings that K–Mart's discharge of plaintiff-appellee violated R.C. 4123.90 is against the manifest weight of the evidence.

"3. The trial court erred in reinstating the plaintiff-appellee certain employee benefits."

In its first assignment, appellant argues that this cause is time barred. Appellant suggests that the time to file began to run on September 9, 1983, and that March 9, 1984, the date the complaint was filed, was one hundred and eighty-two days after the termination.

R.C. 4123.90 provides in part:

" * * * Such action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken."

Appellant argues that the actual date of discharge and not the date of notice is controlling. The appellee was not notified of her discharge until September 19, 1983, when she returned to work. As a matter of fundamental fairness, it would seem unreasonable for the period of time for the filing of an action to begin without any notice to the individual.

The Ohio Supreme Court in *Toler v. Copeland Corp.* (1983), 5 Ohio St.3d 88, at 91, 5 OBR 140, at 143, 448 N.E.2d 1386, at 1389, stated:

"This court has previously expressed the view that formal rules of pleading and procedure are not applicable to workers' compensation proceedings. *W.S. Tyler Co. v. Rebic* (1928), 118 Ohio St. 522 [161 N.E. 790]; *Kaiser v. Indus. Comm.* (1940), 136 Ohio St. 440, 444 [17 O.O. 22, 24, 26 N.E.2d 449, 452]. An

injured employee's claim should not be unjustly defeated by a mere technicality. *Roma v. Indus. Comm.* (1918), 97 Ohio St. 247 [119 N.E. 461]. This policy is consistent with the General Assembly's express intent that R.C. Chapter 4123 be liberally construed in favor of the claimant."

For similar reasons, we find it inappropriate to apply technical standards to defeat appellee's claim in the case *sub judice.*

In the within case, ten days elapsed from the date of termination to the time of notice to the appellee. The filing of the claim in this case would be precluded if appellee were charged with the running of the statute for that period. We feel such a result is not the intent of the statute nor is it fundamentally fair. We therefore hold that the one hundred eighty day time period begins on September 19, 1983. The complaint filed by appellee on March 9, 1984, therefore, falls within the statutory one hundred eighty day limitation.

Appellant's first assignment of error is not well-taken and is hereby overruled.

█ Appellant next argues that the decision is against the manifest weight of the evidence. The standard for reversal by an appellate court is noted in *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, where the Ohio Supreme Court held:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

Appellee offered testimony that she was discharged for filing a claim. While contradictory testimony was offered by appellant, the weight to be given all the testimony is a decision for the trier of fact.

We will not substitute our opinion for that of the trier of fact who was in a better position to weigh the credibility of the witnesses and to make a determination in this case. The trial court's decision was supported by competent, credible evidence and must be upheld. As such, it is not against the manifest weight of the evidence.

Appellant's second assignment of error is without merit and is hereby overruled.

█ In the third assignment of error, appellant suggests that the trial court incorrectly ordered reinstatement of benefits. This argument assumes that the employee was wrongfully discharged and the claim timely filed, both positions adopted by this court.

R.C. 4123.90 provides in relevant part:

" * * * Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken * * *."

The statute is silent as to reinstatement of benefits. However, one may infer that the intent of the legislation is to return the employee to the same position as he would have been had he not been discharged. It would be unreasonable for an employer to benefit from the wrongful discharge of an employee.

The trial court ordered reinstatement with all rights, privileges and benefits lost since discharge, excluding back wages. No prohibition exists precluding such an order under the statute. On the contrary, it would seem that such an order would be appropriate. The arguments of appellant are therefore without merit.

Appellant's third assignment is not well-taken.

*Judgment affirmed.*

STILLMAN, P.J., concurs.

PARRINO, J., dissents.

RANDALL L. BASINGER, of the Court of Common Pleas of Putnam County, sitting by assignment.

SAUL G. STILLMAN, P.J., retired, of the Eighth Appellate District, sitting by assignment.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

THOMAS J. PARRINO, Judge, dissenting.

Since I disagree with the majority's resolution of appellant's first assignment of error and with their affirmance of the trial court's judgment, I must respectfully dissent.

Appellee brought this action against appellant claiming she was wrongfully discharged from her job. The action was brought pursuant to the relief prescribed in R.C. 4123.90. It is clear that appellee's complaint was filed one hundred eighty-two days after she was discharged from her job. R.C. 4123.90, however, specifically provides that a party seeking relief under this statute must file a complaint in the court of common pleas within one hundred

eighty days immediately following an unlawful discharge. The time limitation within which such an action must be brought is clear and unambiguous.

The majority opinion holds that the time bar provision of this statute did not commence on the date that appellee was discharged but rather commenced on the date that she first learned she was discharged. In so doing, the majority seeks to apply a judicially created discovery rule. I cannot agree with this conclusion.

Three appellate courts of this state have declined to apply a discovery rule when construing the time bar limitations contained in R.C. 4123.90. *Griffith v. Allen Trailer Sales* (Oct. 18, 1984), Lorain App. No. 3630, unreported, 1984 WL 3986; *Guy v. Lykins* (Nov. 27, 1985), Belmont App. No. B–22, unreported, 1985 WL 3965; *Jackson v. Central Ohio Transit Authority* (Oct. 9, 1986), Franklin App. No. 86AP–459, unreported, 1986 WL 11298. I find the reasoning in these cases to be persuasive.

Accordingly, I would sustain appellant's first assignment of error and find that the trial court should have granted appellant's motion for summary judgment because the limitation period recited in R.C. 4123.90 had already expired when appellee filed her complaint. Therefore, I would reverse the judgment of the trial court and enter judgment for appellant.