JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Dean Gribbons ("appellant") appeals from the trial court's decision granting Acor Orthopedic, Inc.'s ("appellee") motion to dismiss. Having reviewed the arguments of the parties and the pertinent law, we affirm the trial court.
 I. {¶ 2} According to the case, on October 20, 2003, appellant attempted to file his complaint by mailing it, along with a check to cover the filing fee, to the Clerk of Courts of the Court of Common Pleas of Cuyahoga County. The clerk returned the complaint to appellant without filing it because he failed to submit a case designation sheet, as required by Loc.R. 8(B) of the Court of Common Pleas of Cuyahoga County.
 {¶ 3} Consequently, appellant did not file his complaint until October 30, 2003.[1] On November 26, 2003, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On December 8, 2003, appellant filed a motion to extend his response date. The trial court granted appellant's motion, allowing him until December 19, 2003 to file a response; however, appellant did not file his response until December 30, 2003. Therefore, the trial court granted appellee's motion to dismiss as unopposed. On January 7, 2004, appellee moved for leave to file a reply brief in support of its motion.
 {¶ 4} Subsequently, on January 12, 2004, appellant moved to vacate the court's December 17, 2003 and January 7, 2004 orders. On January 21, 2004, the trial court granted appellee's motion for leave to file a reply brief, vacated its order of January 7, 2004, and allowed consideration of appellant's late filing of his brief in opposition. In doing so, the trial court noted that counsel for appellant filed his opposition to appellee's motion nearly three weeks past the extended deadline.
 {¶ 5} That same date, January 21, 2004, the trial court indicated that it had reviewed all motions and briefs in this matter and found that appellee's motion to dismiss was well taken. The trial court issued an order dismissing appellant's case with prejudice and assessed costs to him. On January 30, 2004, the trial court denied appellant's motion to vacate its order. Appellant filed a notice of appeal on February 10, 2004.
 {¶ 6} According to the facts in the case sub judice, appellant was employed with appellee as a shoemaker, repairing and modifying custom orthopedic shoes. On April 25, 2003, appellant was terminated. On April 28, 2003, appellant received notice of his discharge.[2] In February 2003, appellant claimed that he injured his back at work and, as a result of this injury, he filed a workers' compensation claim. Appellant had previously filed a workers' compensation claim for a back injury sustained on February 5, 2001.[3] He stated that he was under a doctor's care at all times until the time he was discharged by appellee. Appellant further stated that his doctor advised him not to go to work and that "he was instructed by his doctor that he could not return to work without a medical release."[4]
 II. {¶ 7} Appellant's first assignment of error states: "Whether the trial court erred when it granted appellee's 12(B)(6) motion dismissing appellant's claim that the appellee engaged in retaliatory conduct prohibited by R.C. 4123.90 for filing a workers['] compensation claim."
 {¶ 8} R.C. 4123.90; "Discrimination against alien dependents unlawful," states:
{¶ 9} "The bureau of workers' compensation, industrialcommission, or any other body constituted by the statutes of thisstate, or any court of this state, in awarding compensation tothe dependents of employees, or others killed in Ohio, shall notmake any discrimination against the widows, children, or otherdependents who reside in a foreign country. * * *
 {¶ 10} "No employer shall discharge, demote, reassign, or takeany punitive action against any employee because the employeefiled a claim or instituted, pursued or testified in anyproceedings under the workers' compensation act for an injury oroccupational disease which occurred in the course of and arisingout of his employment with that employer. Any such employee mayfile an action in the common pleas court of the county of suchemployment in which the relief which may be granted shall belimited to reinstatement with back pay, if the action is basedupon discharge, or an award for wages lost if based upondemotion, reassignment, or punitive action taken, offset byearnings subsequent to discharge, demotion, reassignment, orpunitive action taken, and payments received pursuant to section4123.56 and Chapter 4141. of the Revised Code plus reasonableattorney fees. The action shall be forever barred unless filedwithin one hundred eighty days immediately following thedischarge, demotion, reassignment, or punitive action taken,and no action may be instituted or maintained unless the employerhas received written notice of a claimed violation of thisparagraph within the ninety days immediately following thedischarge, demotion, reassignment, or punitive action taken."
(Emphasis added.)
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 12} While the factual allegations of the complaint are taken as true, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324. Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v.Marksman Prod., Div. of S/R Indus., Inc. (1995),101 Ohio App.3d 760, 762.
 {¶ 13} In the case at bar, appellant relies on Rhoades v.Harris, Hamilton App. No. C-981000, 1999-Ohio-4855. However, appellant's reliance on Rhoades, supra, is misplaced. InRhoades, plaintiff had tendered the complaint within the statutory period, but it was refused by the clerk of the court because it had postage due of 23 cents. The court reversed, concluding that the clerk had a duty to accept the complaint when it was tendered, especially in light of the fact that the filing was accompanied by a large deposit which was more than adequate to cover the amount due for postage, and that it was only the clerk's refusal of acceptance which prevented the complaint from being filed in a timely manner.
 {¶ 14} These facts are substantially different from the case at bar, in which appellant failed to comply with a court rule. InRhoades, the Hamilton County clerk had no authority to refuse to file a complaint because postage was due; the court was not authorized by court rule or by law to refuse to accept the appellant's complaint for filing. However, this is different from the Cuyahoga County Common Pleas Clerk of Courts. In Cuyahoga County, Loc.R. 8(B) provides:
{¶ 15} "Rule 8(B) Pleadings and motions — The complaint shallstate in the caption the general nature of the action. TheClerk is authorized to refuse to accept for filing any case thatdoes not contain a Case Designation Form indicating thecategory of the cause and any related cases, pending or closed,or if the case has been previously filed and dismissed."
(Emphasis added.)
 {¶ 16} Unlike the situation in Rhoades, the Cuyahoga County Common Pleas Clerk of Courts was not authorized to accept and was not required to accept the improperly completed complaint appellant attempted to file. Appellant admitted that he attempted to file his complaint without the required case designation form.[5] Therefore, as per Loc.R. 8(B) of the Court of Common Pleas of Cuyahoga County, the clerk was properly authorized to refuse the complaint in this case.
 {¶ 17} Appellant's reliance on Mechling v. Kmart Corp.,
Trumbull App. No. 3988, 1989-Ohio-643, is also misplaced. In R.C.4123.90 cases, Ohio courts have repeatedly refused to apply the discovery rule suggested by appellant. See Potelicki v. Textron,Inc., Cuyahoga App. No. 77144, 2000-Ohio-4771. In Potelicki,
the appellate court affirmed that, pursuant to R.C. 4123.90, the statute of limitations began to run the date appellant's employment was terminated, which was the day his recall rights expired. Since he did not file within 180 days, the complaint was untimely. He was also required to notify appellee of his intent to sue within 90 days of the date that he was terminated from his employment. Thus, the trial court lacked jurisdiction to entertain his subsequent complaint. As appellant's action was time-barred, summary judgment was properly granted.
 {¶ 18} In the case at bar, the statute of limitations began to run on April 25, 2003, when appellant's employment was terminated, not April 28, 2003. The statute of limitations' provision contained in R.C. 4123.90 is not ambiguous; therefore, the liberal construction provision of R.C. 4123.95 has no application. Gleich v. J.C. Penney Co., Inc., Franklin App. No. 85AP-276, 1985-Ohio-8441. "[T]he one hundred and eighty day time period set forth in R.C. 4123.90 is an integral element of the action itself." Powell v. Timken Co., Stark App. No. 1996CA00062, 1997-Ohio-1911.
 {¶ 19} In the case at bar, the trial court properly dismissed appellant's claim because it was barred by the statute of limitations.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Appellant's second assignment of error states: "Whether the trial court committed prejudicial error when it dismissed with prejudice the remainder of appellant's claims pursuant to Ohio Civ.R. 12(B)(6). Appellant's complaint also alleged violations of Ohio and federal laws regarding disabilities and age discrimination as well as a violation of the family and medical leave act of 1993. The grounds set forth in the appellee's motion to dismiss where [sic] that appellant failed to allege all facts necessary to establish a prima facie case."
 {¶ 22} The trial court properly dismissed Count II, discrimination in violation of state and federal laws regarding disabilities, because appellant failed to allege the facts to support a claim for disability discrimination under state or federal law. Appellant failed to allege that he is handicapped or that appellee terminated him because he was handicapped. Instead, appellant alleged that he suffered a back injury during the course of his employment.
 {¶ 23} In order for an employee to establish a prima facie case of handicap discrimination under R.C. 4112.02(A), the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question. City of Columbus Civ. Serv. Comm. v. McGlone
(1998), 82 Ohio St.3d 569, 571.
 {¶ 24} In the case sub judice, appellant did not allege that he was handicapped, only that he suffered a back injury during the course of his employment. However, various Ohio courts have held that a back injury does not constitute a disability or handicap under state and federal disability laws. See Maloney v.Barberton Citizens Hosp. (1996), 109 Ohio App.3d 372, 376-78;Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 60. Moreover, appellant
 {¶ 25} failed to allege that he could safely and substantially perform the essential functions of the job in question.
 {¶ 26} Count III of appellant's complaint was properly dismissed. "[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." Brohm v. JH Properties, Inc. (C.A.6, 1998),149 F.3d 517, 523. Furthermore, an employer may require proper certification issued by a health care provider as to the health condition of the employee. Section 2613, Title 29, U.S. Code.[6] In the case at bar, appellant failed to allege the necessary facts to support any alleged violation of the FMLA. Appellant did not allege that he made a request for leave or that he gave a qualifying reason for leave. Because an employer must be provided with information sufficient to apprise it of the employee's request to take time off for a serious health condition, the failure to make a request for medical leave is critical to a claim for violation of the FMLA.[7] Brohm,149 F.3d 517.
 {¶ 27} Appellant's claim for age discrimination was also properly dismissed. In order to establish a prima facie case of a violation of R.C. 4101.17 in an employment discharge action, a plaintiff-employee must demonstrate (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class. Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501, 505.
 {¶ 28} Appellant only alleged one of the prima facie elements in his age discrimination claim, that he was discharged.[8]
Appellant failed to plead facts to support each element of a prima facie case for age discrimination; therefore, the trial court properly dismissed appellant's claim. Furthermore, the trial court properly dismissed appellant's claim for age discrimination because it is barred by the statute of limitations. The statute of limitations for age discrimination claims under R.C. 4112.02 is 180 days. R.C. 4112.02(N). Appellant brought his claim under R.C. 4112.02.[9] As mentioned previously, appellant filed his complaint on October 30, 2003, more than 180 days after he received notice that he had been terminated by appellee.
 {¶ 29} Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Sweeney, J., concur.
[1] Appellant's brief, p. 1.
[2] Complaint, paragraph 1.
[3] Complaint, paragraph 4.
[4] Complaint, paragraph 5.
[5] Appellant's brief, p. 1.
[6] Section 2613. Certification. "(a) In general. An employer may require that a request for leave under subparagraph (C) or (D) of section 102(a)(1) [29 USCS § 2612(a)] be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer."
[7] "Nothing in the statute places a duty on an employer to affirmatively grant leave without such a request or notice by the employee. Rather, to invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave. Manuel v. Westlake Polymers Corp.,66 F.3d 758, 762 (5th Cir. 1995). While the employee need not actually mention the FMLA by name, `the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.' Id. at 764; see 29 U.S.C. § 2612
(e)(2) (requiring employees to give 30 days' notice for foreseeable treatment of serious health conditions). Brohm offers no evidence that he requested medical leave while he was employed by the hospital. The district court therefore properly dismissed Brohm's claim under the FMLA."
[8] Complaint, paragraphs 1 and 7.
[9] Complaint, paragraph 16.