LAWRENCE, APPELLANT, *v.* CITY OF YOUNGSTOWN, APPELLEE.

[Cite as *Lawrence v. Youngstown,* 133 Ohio St.3d 174, 2012-Ohio-4247.]

*Employment law—R.C. 4123.90—Retaliatory discharge for workers' compensation filing—Exception to 90-day notice requirements—Judgment reversed and cause remanded.*

(No. 2011-0621—Submitted January 17, 2012—Decided September 20, 2012.)

CERTIFIED by the Court of Appeals for Mahoning County,

No. 09 MA 189, 2011-Ohio-998.

_____

**CUPP, J.**

**{¶ 1}** No employer shall discharge an employee because the employee filed a claim or participated in a proceeding under the workers' compensation act for an injury or occupational disease that occurred in the course of and arising out of employment. R.C. 4123.90. That statute places certain time-specific obligations on a discharged employee who wishes to sue an employer for discharging him or her for filing a workers' compensation claim. In particular, the statute provides that no retaliation claim may be maintained unless the employer receives written notice of the alleged violation of the statute from the employee within the 90 days immediately following the "discharge."

**{¶ 2}** Keith Lawrence, the employee in this case, was suspended from his position with the city and, therefore, was not working when the city discharged him. He now alleges that he did not learn he had been discharged until almost six weeks after the date the city claims the discharge occurred. The trial court accepted this allegation as true for purposes of its analysis, but it ruled that the allegation was not relevant to, and did not delay the commencement of, the 90-day period "immediately following the discharge" for the employer to receive

written notice of the employee's claim that his discharge had been retaliatory under R.C. 4123.90. The trial court, therefore, found Lawrence's 90-day notice letter untimely. The court of appeals affirmed. *Lawrence v. Youngstown*, 7th Dist. No. 09 MA 189, 2011-Ohio-998.

{¶ 3} We accepted for review the certified conflict regarding the definition of "discharge" in R.C. 4123.90. We hold that in general, "discharge" in R.C. 4123.90 means the date that the employer issued the notice of employment termination, not the employee's receipt of that notice or the date the employee discovered that he or she might have a claim for relief under the statute. Nevertheless, we reverse the judgment of the court of appeals because the facts of this case may require an exception to the general rule.

## I. Facts and Procedural History

{¶ 4} Because this case presents a narrow question of statutory interpretation, we focus on only those facts essential to our resolution of the certified issue. That issue can be resolved without resort to many of the underlying factual matters extensively detailed in the parties' briefs.

{¶ 5} On January 7, 2007, appellee, the city of Youngstown, suspended appellant, Keith Lawrence, without pay from his position with the city. Two days later, the city terminated Lawrence's employment. The record contains a letter prepared by the city addressed to Lawrence, dated January 9, 2007, advising him of the termination of his employment, which was to be effective that same date. This letter indicates that copies were sent to various city offices and departments and to Lawrence's union. The city did not send a certified copy of the letter to Lawrence. Lawrence now asserts that he did not learn of his discharge until February 19, 2007.

{¶ 6} On April 17, 2007, Lawrence's attorney sent the city a letter stating that Lawrence intended to bring an action alleging unlawful workers'

compensation retaliation under R.C. 4123.90 and racial discrimination. The city received that letter the next day.

{¶ 7} Lawrence filed his complaint against the city in Mahoning County Common Pleas Court on July 6, 2007, alleging retaliation under R.C. 4123.90 and racial discrimination. In support of the allegations regarding R.C. 4123.90, the complaint asserted that Lawrence had filed a workers' compensation claim against the city and that his termination was unlawfully related to the filing. Lawrence had filed that claim when working for the city years earlier.

{¶ 8} The city moved for summary judgment. After holding a hearing, a magistrate determined that summary judgment should be granted to the city on Lawrence's claims. As to the relevant claim under R.C. 4123.90, the workers' compensation antiretaliation statute, the magistrate construed the disputed facts in favor of Lawrence and assumed that he had not become aware of his discharge until February 19, 2007. However, the magistrate concluded that the operative date for starting the 90-day notification period was January 9, 2007, the date the city's records show that it terminated Lawrence, and that Lawrence's possible delayed awareness of the termination was not relevant.

{¶ 9} Thus, according to the magistrate, the 90-day notice letter from Lawrence needed to be received by the city by April 9, 2007, for the notice to be statutorily compliant. The magistrate determined that Lawrence's letter notifying the city of the impending retaliation claim, received on April 18, 2007, had failed to meet R.C. 4123.90's 90-day requirement. Therefore, the magistrate concluded that the court had no jurisdiction.

{¶ 10} In addition, the magistrate reviewed the R.C. 4123.90 retaliation claim on the merits and, as an independent ground for granting summary judgment to the city as to the claim, found that Lawrence had failed to establish a genuine issue of material fact. The magistrate then reviewed the merits of the racial-discrimination claim and found that Lawrence had failed to establish a

genuine issue of material fact on that claim, too. Finally, the magistrate considered additional grounds offered by the city in support of its motion for summary judgment and found for the city on those grounds as well.

{¶ 11} Lawrence filed timely objections to the magistrate's decision. The trial court overruled the objections, and in a short judgment entry made the magistrate's decision the judgment of the court, determining that "even construing the evidence in favor of Lawrence, Youngstown is entitled to judgment as a matter of law" on the claims.

{¶ 12} The Seventh District Court of Appeals affirmed. *Lawrence*, 2011-Ohio-998, ¶ 7. As to the sole issue in this certified conflict, the court held that R.C. 4123.90's 90-day notice period begins on the date of actual discharge, not notice of discharge. *Id.* at ¶ 33. Therefore, the appellate court determined that the trial court had no jurisdiction over the retaliation claim because Lawrence's notice to his employer was received more than "ninety days immediately following the discharge." R.C. 4123.90. *Id.* at ¶ 5.

{¶ 13} The court of appeals under App.R. 12(A)(1)(c) then declined to address as moot three other assignments of error regarding the retaliation claim, which challenged the trial court's alternative conclusion that the claim also failed on the merits. *Id.* at ¶ 37. The appellate court then affirmed the grant of summary judgment to the city on the merits of the racial-discrimination claim. *Id.* at ¶ 58. Finally, the appellate court declined to address as moot several additional assignments of error challenging the trial court's grant of summary judgment. *Id.* at ¶ 63, 66.

{¶ 14} The court of appeals certified that its decision regarding the meaning of "discharge" in R.C. 4123.90 conflicted with the holding of *Mechling v. K-Mart Corp.,* 62 Ohio App.3d 46, 574 N.E.2d 557 (11th Dist.1989), and

*O'Rourke v. Collingwood Health Care, Inc.,* 6th Dist. No. L-87-345, 1988 WL 37587 (Apr. 15, 1988).[1]

{¶ 15} We recognized the conflict on the following question, as phrased by the court of appeals:

R.C. 4123.90 requires the action to be filed within one hundred eighty days "immediately following the discharge, demotion, reassignment, or punitive action taken" and requires the employer to receive written notice of the claimed violation within ninety days "immediately following the discharge, demotion, reassignment, or punitive action taken." Does the quoted portion of the statute mean the time limits begin to run on the effective date of discharge or when considering R.C. 4123.95's directive for liberal construction does R.C. 4123.90 mean the time limits begin to run upon receiving notice of the discharge?

128 Ohio St.3d 1512, 2011-Ohio-2686, 948 N.E.2d 449.

## II. Analysis

{¶ 16} R.C. 4123.90 provides:

No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the

---

1. The appellate court recognized that the certified-conflict cases involved the start of the running of the 180-day time limit of R.C. 4123.90 for the employee to file suit, but reasoned that the same basic question is presented here because both time limits are jurisdictional and the time limitations of both turn on the definition of "discharge."

Lawrence filed his complaint within 180 days of January 9, 2007, so there is no issue in this case regarding the start of the running of the 180-day time limit of R.C. 4123.90.

workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees. The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and *no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.*

(Emphasis added.)

{¶ 17} As an initial matter, Lawrence has not taken issue with the appellate court's conclusion that the 90-day notice requirement of R.C. 4123.90 is "mandatory and jurisdictional." *Lawrence*, 2011-Ohio-998, ¶ 25. *See also Parham v. Jo-Ann Stores, Inc.*, 9th Dist. No. 24749, 2009-Ohio-5944, ¶ 17; *Gribbons v. Acor Orthopedic, Inc.*, 8th Dist. No. 84212, 2004-Ohio-5872, ¶ 17-18. We accept that conclusion.

{¶ 18} In affirming, the appellate court observed that R.C. 4123.90 specifically requires that notice of a claim be received by the employer "ninety days immediately following the discharge" and therefore unambiguously refers to

6

the discharge date and not that of the employee's receipt of the notice of discharge. *Lawrence* at ¶ 30. "If the General Assembly had intended the time periods to begin to run upon notice of discharge, the statute could have easily been written to indicate as such." *Id.* The appellate court therefore stated that the 90-day time period begins to run "on the effective date of discharge" and agreed with *Parham* at ¶ 17, *Gribbons* at ¶ 17, and *Browning v. Navistar Internatl. Corp.*, 10th Dist. No. 89-AP-1081, 1990 WL 106475, *4 (July 24, 1990), to support that conclusion. *Id.* at ¶ 27.

{¶ 19} While the appellate court acknowledged that R.C. 4123.95 requires that R.C. 4123.01 ("Definitions") to R.C. 4123.94 ("Preference of judgments") "shall be liberally construed in favor of employees," it stated that it could not liberally construe R.C. 4123.90, an "unambiguous statute," because to do so would be "to add the words 'notice of' in front of the word discharge." *Id.* at ¶ 31. *See Gribbons*, 2004-Ohio-5872, at ¶ 17-18 (because the time specifications of R.C. 4123.90 are not worded ambiguously, R.C. 4123.95's liberal-construction provision is inapplicable).

{¶ 20} The appellate court also reiterated that a discovery rule—that is, a rule that the limiting period does not begin until the worker discovers that he or she has a cause of action—should not apply to R.C. 4123.90. *Lawrence*, 2011-Ohio-998, at ¶ 29, citing *Parham*, 2009-Ohio-5944, at ¶ 20-21.

{¶ 21} Lawrence and his supporting amicus curiae, the Ohio Employment Lawyers Association, emphasize that the appellate court's holding allows the worker's rights to "vary depending on the whim of an employer in deciding when, or even whether, to notify the employee of his or her termination." They ask this court to interpret R.C. 4123.90 liberally, as directed by R.C. 4123.95, to provide that the 90-day period of R.C. 4123.90 begins when an employee becomes aware of the discharge and not on the date of the discharge.

{¶ 22} Lawrence notes, and his amicus reiterates, that he does not seek an expansive discovery rule that starts the 90-day period running only when the employee becomes aware that the discharge may have been motivated by workers' compensation retaliation. Rather, Lawrence seeks a narrower equitable ruling that interprets "discharge" in R.C. 4123.90 to mean the date that the employee receives word of the discharge, a ruling that Lawrence asserts is justified by R.C. 4123.95.

{¶ 23} The 90-day employer-notice provision of R.C. 4123.90 gives the employee a relatively small window of time to provide to the employer notice that the employee will pursue a claim for retaliatory discharge based on a workers' compensation filing. Obviously, an employee cannot contemplate sending such a letter until the employee knows that he or she has been discharged. As noted in oral argument, however, the date of actual discharge and the date that the employee is notified of it are normally the same, and that date ordinarily starts the 90-day period of R.C. 4123.90.

{¶ 24} Usually, an employer will make a good-faith effort to communicate the fact of the employee's discharge to the employee when it occurs or within a reasonable time thereafter. The employer commonly will use a method like personal notification, hand delivery of notice, or a certified letter, all of which are designed to effectively communicate notice reasonably promptly. An employee would expect to be informed of the employer's decision to discharge the employee within a reasonable time after that decision. We therefore conclude that R.C. 4123.90, when viewed in conjunction with R.C. 4123.95 and read in pari materia, places an implicit affirmative responsibility on an employer to provide its employee notice of the employee's discharge within a reasonable time after the discharge occurs in order to avoid impeding the discharged employee's 90-day notification obligation under R.C. 4123.90. A reasonable time for an employer to inform an employee of a discharge is an inquiry dependent on the

facts of each situation. A delay of several days would not prevent the 90-day period for the employer to receive notification from the employee from commencing to run on the discharge date.

{¶ 25} Our conclusion that an employer should provide reasonably prompt notice of a discharge to an employee for R.C. 4123.90 purposes does not burden employers and is not unreasonable. Some employees who allege workers' compensation retaliation, for example, may not be at their workplace due to work-related injuries for considerable periods. Without reasonably prompt notice of discharge, an affected employee may have unwarranted difficulty providing the required notice letter to the employer within the 90-day notice period, or the 90-day time period may already have elapsed before the employee becomes or should have become aware of the employee's discharge. We do not perceive this responsibility to occasion any onerous burden on an employer. Rather, it is something that rationally flows from the act of the discharge of an employee.

{¶ 26} We anticipate that our recognition of this responsibility will have limited application. Even if an employer does not communicate the discharge to the employee within a reasonable time, if the employee nonetheless becomes otherwise aware of the discharge or should have become aware of it in the exercise of due diligence within a reasonable time, then the period of 90 days must still be counted from the actual discharge date.

{¶ 27} Reading R.C. 4123.90 and 4123.95 in pari materia, we find it evident that R.C. 4123.90 anticipates the employee's awareness of the employee's discharge. Consequently, a limited exception to the general rule that the 90-day period for employer notice of an alleged R.C. 4123.90 violation runs from the employee's actual discharge is in keeping with the statute's purpose. The prerequisites for this exception are that an employee does not become aware of the fact of his discharge within a reasonable time after the discharge occurs and could not have learned of the discharge within a reasonable time in the exercise of

due diligence. When those prerequisites are met, the 90-day time period for the employer to receive written notice of the employee's claim that the discharge violated R.C. 4123.90 commences on the earlier of the date that the employee becomes aware of the discharge or the date the employee should have become aware of the discharge.

{¶ 28} The magistrate's analysis in this case, later fully adopted by the trial court, began by interpreting the conflicting evidence in favor of Lawrence and assumed that Lawrence had not been informed of his termination and did not receive the termination letter that the city asserts it mailed to him. On this record, that interpretation is supported by the absence of evidence of any face-to-face or other oral notification of the termination, and there is no indication that the city sent a certified letter to Lawrence. Thus, the city did not definitively demonstrate reasonably prompt notification.

{¶ 29} The magistrate thus accepted Lawrence's assertion that he did not become aware of his discharge until February 19, 2007, which was 41 days after the city maintains that the discharge occurred on January 9, 2007, as the starting point for analyzing the certified issue.[2] Therefore, nearly half of the 90-day period may have already elapsed by the time Lawrence first knew or should have known of his discharge. Under the confluence of circumstances here, we conclude that the city may have timely received Lawrence's notice of alleged retaliatory discharge, which the city received 58 days after Lawrence may have learned of the discharge.

---

2. Because the trial court determined that Lawrence's awareness of his discharge was irrelevant to the start of the running of the 90-day statutory period, the trial court did not consider any of the particulars regarding the employer's communication (or lack of communication) of the fact of the discharge to Lawrence or of Lawrence's awareness of the discharge through some other means. Given our resolution of the certified issue, matters of that type are to be explored upon a remand to the trial court should such a remand eventually occur in this case.

### III. Conclusion

{¶ 30} For all the above reasons, we hold that in general, "discharge" in R.C. 4123.90 means the date that the employer issued the notice of employment termination, not the date of the employee's receipt of that notice or the date of the employee's discovery of an R.C. 4123.90 cause of action. But because of the limited exception we recognize today, Lawrence's 90-day notification letter may have been timely received, and the judgment of the court of appeals on the issue we address must be reversed. We therefore remand the cause to the court of appeals to address those assignments of error determined to be moot and not addressed.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'DONNELL, J., dissents.

_____

**LANZINGER, J., concurring.**

{¶ 31} I concur in judgment, but would explicitly adopt a discovery rule. In my view, the definition of the word "discharge" in the statute implies that the employee will know of the termination of employment. The employment relationship is not one-sided, and as the majority opinion notes, it is not difficult for the employer to notify its employee that his or her services are no longer needed. Face-to-face notification obviously is unnecessary, for certified mail will provide adequate proof of the fact of discharge.

{¶ 32} There is no need to establish a "limited exception" to a general rule as the majority does here. The standard adopted in other discovery cases, "knew or should have known," should apply here, and the time limits in R.C. 4123.90

should not begin to run until the employee knows or should have known, that is, is notified, of the discharge.

_____

**O'DONNELL, J., dissenting.**

{¶ 33} Respectfully, I dissent.

{¶ 34} The majority and concurring opinions stretch far to perform the work of the General Assembly and as a consequence have offered two different views of how and why today's decision reverses the court of appeals and remands the cause.

{¶ 35} R.C. 4123.90 establishes a cause of action against an employer for retaliating against an employee because the employee sought workers' compensation benefits or participated in a proceeding provided for by the workers' compensation act, but the statute bars the claim "unless the employer has received written notice of a claimed violation of [R.C. 4123.90] within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken."

{¶ 36} We accepted this case as a certified conflict from a decision of the Seventh Appellate District holding that those who assert claims for being wrongfully discharged in retaliation for having filed a workers' compensation claim must give the employer notice of the claim within 90 days from *the date of the discharge*, not from the date the employee claimed to receive notice of the discharge.

{¶ 37} At issue here, then, is whether this 90-day period runs from the effective date of the discharge or other adverse employment action, or whether it commences only after the employee receives notice of that action from the employer.

{¶ 38} The majority acknowledges that "in general, 'discharge' in R.C. 4123.90 means the date that the employer issued the notice of employment

12

termination, not the employee's receipt of that notice or the date the employee discovered that he or she might have a claim for relief under the statute." This position is supported by the weight of authority in this state, including decisions from the Eighth, Ninth, and Tenth Appellate Districts as well as the Sixth Circuit Court of Appeals. *See, e.g., Gribbons v. Acor Orthopedic, Inc.*, 8th Dist. No. 84212, 2004-Ohio-5872, ¶ 17-18; *Parham v. Jo-Ann Stores, Inc.*, 9th Dist. No. 24749, 2009-Ohio-5944, ¶ 20; *Browning v. Navistar Internatl. Corp.*, 10th Dist. No. 89AP-1081, 1990 WL 106475, * 3 (July 24, 1990); *Jakischa v. Cent. Parcel Express*, 106 Fed. Appx. 436, 441 (6th Cir.2004), quoting *Potelicki v. Textron, Inc.*, 8th Dist. No. 77144, 2000 WL 1513708, *5 (Oct. 12, 2000) (" 'Ohio courts have refused to apply the discovery rule in R.C. 4123.90 cases' "); *see also* Siegel and Stephen, *Ohio Employment Practices Law*, Section 3:36 (2012-2013) (explaining that the R.C. 4123.90 limitations periods "may not be tolled under a 'discovery' rule").

{¶ 39} Nonetheless, the majority disregards the plain language of the statute and crafts "a limited exception" for when the "employee does not become aware of the fact of his discharge within a reasonable time after the discharge occurs and could not have learned of the discharge within a reasonable time in the exercise of due diligence."

{¶ 40} In my view, this exception is not warranted, because a reasonably diligent employee should be able to discover an adverse employment action and meet the statutory requirements of the 90-day notice period, even if it commences on the date of discharge. This is a common-sense starting point for all claims and eliminates the limitless number of exceptions that will be created by the majority decision crafted today to alter this well thought out legislative policy. We ought not legislate. Our role is simply to interpret and decide, not to find ways to reach conclusions we like or to avoid harsh results. And, as here, when we do not follow the law, we have no law.

**{¶ 41}** Most tellingly, in this case, Lawrence did receive notice of his discharge and could have notified his employer within the 90-day limitations period prescribed in the statute, but he did not do so. He knew he had filed claims for workers' compensation in 1999, 2000, and 2001 while previously employed by the city of Youngstown; he knew that—unlike other employees—he had been required to sign a pre-employment agreement to serve a one-year probationary period before the city would rehire him in 2006; and he knew that the city suspended him without pay on January 7, 2007. Thus, when Youngstown fired him two days later and the 90-day period commenced, he already had notice of most of the operative facts on which he relies to show retaliation. Even on February 19, 2007, when he claims to have first discovered his termination, Lawrence still had 49 days to provide his employer with written notice of his claim. And although he filed a complaint for discrimination with the Civil Rights Commission *the day after* learning he had been fired, he waited more than 50 days to send the city a letter giving notice of his claim for retaliation.

**{¶ 42}** Accordingly, I would follow the analysis and conclusions of the Eighth, Ninth, and Tenth Districts, and I would affirm the judgment of the Seventh District Court of Appeals. I therefore respectfully dissent from today's majority decision to reverse it.

_____

Martin S. Hume Co., L.P.A., and Martin S. Hume, for appellant.

Harrington, Hoppe & Mitchell, Ltd., and Neil D. Schor, for appellee.

The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging reversal for amicus curiae Ohio Employment Lawyers Association.

_____