O’Donnell, J.,
dissenting.
{¶ 33} Respectfully, I dissent.
{¶ 34} The majority and concurring opinions stretch far to perform the work of the General Assembly and as a consequence have offered two different views of how and why today’s decision reverses the court of appeals and remands the cause.
{¶ 35} R.C. 4123.90 establishes a cause of action against an employer for retaliating against an employee because the employee sought workers’ compensation benefits or participated in a proceeding provided for by the workers’ compensation act, but the statute bars the claim “unless the employer has received written notice of a claimed violation of [R.C. 4123.90] within the ninety *183 days immediately following the discharge, demotion, reassignment, or punitive action taken.”
{¶ 36} We accepted this case as a certified conflict from a decision of the Seventh Appellate District holding that those who assert claims for being wrongfully discharged in retaliation for having filed a workers’ compensation claim must give the employer notice of the claim within 90 days from the date of the discharge, not from the date the employee claimed to receive notice of the discharge.
{¶ 37} At issue here, then, is whether this 90-day period runs from the effective date of the discharge or other adverse employment action, or whether it commences only after the employee receives notice of that action from the employer.
{¶ 38} The majority acknowledges that “in general, ‘discharge’ in R.C. 4123.90 means the date that the employer issued the notice of employment termination, not the employee’s receipt of that notice or the date the employee discovered that he or she might have a claim for relief under the statute.” This position is supported by the weight of authority in this state, including decisions from the Eighth, Ninth, and Tenth Appellate Districts as well as the Sixth Circuit Court of Appeals. See, e.g., Gribbons v. Acor Orthopedic, Inc., 8th Dist. No. 84212, 2004-Ohio-5872, 2004 WL 2495659, ¶ 17-18; Parham v. Jo-Ann Stores, Inc., 9th Dist. No. 24749, 2009-Ohio-5944, 2009 WL 3757403, ¶ 20; Browning v. Navistar Internatl. Corp., 10th Dist. No. 89AP-1081, 1990 WL 106475, *3 (July 24, 1990); Jakischa v. Cent. Parcel Express, 106 Fed.Appx. 436, 441 (6th Cir.2004), quoting Potelicki v. Textron, Inc., 8th Dist. No. 77144, 2000 WL 1513708, *5 (Oct. 12, 2000) (“ ‘Ohio courts have refused to apply the discovery rule in R.C. 4123.90 cases’ ”); see also Siegel and Stephen, Ohio Employment Practices Law, Section 3:36 (2012-2013) (explaining that the R.C. 4123.90 limitations periods “may not be tolled under a ‘discovery’ rule”).
{¶ 39} Nonetheless, the majority disregards the plain language of the statute and crafts “a limited exception” for when the “employee does not become aware of the fact of his discharge within a reasonable time after the discharge occurs and could not have learned of the discharge within a reasonable time in the exercise of due diligence.”
{¶ 40} In my view, this exception is not warranted, because a reasonably diligent employee should be able to discover an adverse employment action and meet the statutory requirements of the 90-day notice period, even if it commences on the date of discharge. This is a common-sense starting point for all claims and eliminates the limitless number of exceptions that will be created by the majority decision crafted today to alter this well thought out legislative policy. We ought not legislate. Our role is simply to interpret and decide, not to find *184 ways to reach conclusions we like or to avoid harsh results. And, as here, when we do not follow the law, we have no law.
Martin S. Hume Co., L.P.A., and Martin S. Hume, for appellant.
Harrington, Hoppe & Mitchell, Ltd., and Neil D. Schor, for appellee.
The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging reversal for amicus curiae Ohio Employment Lawyers Association.
{¶ 41} Most tellingly, in this case, Lawrence did receive notice of his discharge and could have notified his employer within the 90-day limitations period prescribed in the statute, but he did not do so. He knew he had filed claims for workers’ compensation in 1999, 2000, and 2001 while previously employed by the city of Youngstown; he knew that — unlike other employees — he had been required to sign a pre-employment agreement to serve a one-year probationary period before the city would rehire him in 2006; and he knew that the city suspended him without pay on January 7, 2007. Thus, when Youngstown fired him two days later and the 90-day period commenced, he already had notice of most of the operative facts on which he relies to show retaliation. Even on February 19, 2007, when he claims to have first discovered his termination, Lawrence still had 49 days to provide his employer with written notice of his claim. And although he filed a complaint for discrimination with the Civil Rights Commission the day after learning he had been fired, he waited more than 50 days to send the city a letter giving notice of his claim for retaliation.
{¶ 42} Accordingly, I would follow the analysis and conclusions of the Eighth, Ninth, and Tenth Districts, and I would affirm the judgment of the Seventh District Court of Appeals. I therefore respectfully dissent from today’s majority decision to reverse it.