767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JULIE BARTLETT, PLAINTIFF-APPELLANT,
v.
BLANCHARD VALLEY HOSPITAL ASSOCIATION; G.H. EVANS, M.D.;
R.L. STANLEY, M.D., OPHTHALOGIST; AUSTIN J.
TIDABACH, M.D., RADIOLOGIST; AND TRUMAN
S. SMITH, M.D., RADIOLOGIST,
DEFENDANTS-APPELLEES.
 NO. 83-3329
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 N.D.Ohio
 AFFIRMED
 Appeal from the United States District Court for the Northern District of Ohio, Western Division
 Before: KENNEDY and MILBURN, Circuit Judges; and RUBIN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Bartlett, a Michigan resident, appeals from the order of the District Court dismissing her medical malpractice claim against an Ohio hospital and four Ohio physicians.
 
 
 2
 Because federal jurisdiction was based on diversity, the District Court was obligated to apply state substantive law. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). The pertinent state law is Ohio Rev. Code Sec. 2711.21 (Page 1981),[1] which requires that once a medical malpractice claim is filed in court, it shall be submitted for nonbinding arbitration. If the arbitration decision is not accepted, the pleadings shall be amended to state both the fact of arbitration and the decision of the arbitration board--which is also admissible as evidence--and the case shall proceed. Bartlett filed her complaint on May 27, 1977. On August 17, the District Court referred the claims to an arbitration board, pursuant to the statute, and ordered a stay of all further proceedings in the case, pending the board's decision.
 
 
 3
 In November 1979, the District Court granted defendant Dr. Tidabach's motion for summary judgment and dismissed him as a defendant. Bartlett's rule 60(b) motion for rehearing and vacation of the order of dismissal was denied in January 1980.
 
 
 4
 In January 1982, the arbitration board concluded that Bartlett should be denied any recovery. In September 1982, Bartlett filed in the District Court a notice that she was rejecting the 'arbitration award.' In April 1983, the District Court dismissed Bartlett's claims, with prejudice, because 'O.R.C. Sec. 2711.13 clearly provides a 90 day statute of limitations on motions to vacate, modify or correct arbitration awards. Plaintiff's 'rejection' motion must be construed as a motion to vacate and thus subject to R.C. Sec. 2711.13.'
 
 
 5
 Bartlett raises three issues on appeal. First, she argues that the District Court erroneously construed section 2711.21 as creating a binding arbitration procedure by incorporating the 90 day limit of section 2711.13. Second, she argues that if section 2711.21 does set up a binding arbitration procedure, it is unconstitutional. Third, she claims that the District Court abused its discretion in refusing to vacate the summary judgment in favor of Tidabach.
 
 Construction of Sec. 2711.21
 
 6
 The District Court did not construe section 2711.21 as creating a binding arbitration. It simply borrowed, in accordance with section 2711.21(B), what it thought to be a relevant limitation on the length of time one may wait before rejecting, in accordance with section 2711.21(C), the arbitration board's decision. Under this construction of the statute, the arbitration was not by its nature binding, but rather, it became binding by Bartlett's failure to give notice of non-acceptance of the award within the three-month limitation period. What is really at issue in Bartlett's first contention is the appropriateness of applying the three-month limitation period of section 2711.13 to nonbinding medical malpractice arbitration under section 2711.21.
 
 
 7
 The language of section 2711.21, standing alone, does not seem to support such a construction. The section itself contains no time limitations and nothing about it suggests that the arbitration board's decision becomes binding at any point. Rather, the section appears to contemplate use of nonbinding arbitration as a device to encourage settlement or discourage frivolous claims. Subsection (C) contemplates that the case will continue if 'the decision of the arbitration board is not accepted by all parties . . ..' It does not allocate to anyone the burden of accepting or rejecting the decision within a specified time. The section simply provides how the case will proceed if the parties do not manifest their assent to the arbitration decision.
 
 
 8
 The District Court found that section 2711.13's three-month period was made applicable by section 2711.21(B) which incorporates the provisions of sections 2711.06 to 2711.16 'insofar as they are applicable.' The section 2711.13 time limit expressly governs the time for filing 'motions to vacate, modify, or correct' an arbitration award. Mere non-acceptance of a nonbinding arbitration decision is significantly different, however, from a motion to vacate, modify, or correct. Non-acceptance leaves the decision intact, with the same force the statute accorded it in the first place: it is admissible as evidence.[2] Non-acceptance in no way seeks to alter the decision; it merely allows the case to proceed to trial. Were we free to construe these statutes, we would seriously question the District Court's holding that notice of non-acceptance must be filed within three months.
 
 
 9
 We are bound, however, to apply the law as it has been construed by Ohio's own courts. Although no reported Ohio decisions address this issue, we have the unreported decision of the Court of Appeals of Ohio, Sixth District, in St. Vincent's Hospital and Medical Center v. Derian, No. L-82-212 (Nov. 26, 1982), to guide us.
 
 
 10
 Derian squarely addresses the question. In Derian, a hospital sued former patients (a married couple) for payment. The patients counterclaimed, charging the hospital with malpractice. The counterclaim was referred to arbitration pursuant to section 2711.21. The arbitration panel recommended an award of $3,500 to the patients. Four months later, the hospital moved to confirm that award and apply it as a set off against the patients' liability to the hospital. The patients had, to that time, neither accepted nor rejected the arbitration decision. The patients thought the suggested award insufficient, though, and therefore attempted to reject it, arguing that section 2711.21 placed no time limitation on their right to reject the arbitration decision. The Court of Appeals of Ohio disagreed. The court held that section 2711.21(B) incorporated section 2711.13 and that, therefore, the patients had only ninety days to reject the decision of the arbitration panel.
 
 
 11
 We are bound by decisions of state intermediate appellate courts. See West v. American Telephone & Telegraph Co., 311 U.S. 223, 236-37 (1940). We have specifically held that we must apply Ohio law as determined by its intermediate courts, see Gettins v. United States Life Insurance Co., 221 F.2d 782, 785 (6th Cir. 1955), including the unreported decisions of those courts, see Gustin v. Sun Life Assurance Co., 152 F.2d 447, 451 (6th Cir. 1945), 'regardless of the logic' of the decision. Id.
 
 
 12
 We must hold, therefore, that under Ohio law Bartlett's failure to object to the decision of the arbitration panel within three months rendered that decision binding.
 
 Constitutionality
 
 13
 Bartlett next argues that this construction of the statute renders it unconstitutional. Constitutional questions surely would attend to a statute which simply imposed binding arbitration on individuals in Bartlett's position. Neither the statute nor this application of it does that, however. Even incorporating the three-month limitation period, the statute did not deprive Bartlett of any constitutional right. It operates, in effect, as any statute of limitations would, and no one doubts the constitutionality of statutory limitation periods. Appellant's constitutional argument is without merit.
 
 Dismissal of Tidabach
 
 14
 We find no error in the District Court's dismissal of defendant Tidabach.
 
 
 15
 The judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Section 2711.21, in full, provides:
 (A) Upon the filing of any medical claim as defined in division (D)(3) of section 2305.11 of the Revised Code, the controversy shall be submitted to an arbitration board consisting of three arbitrators to be named by the court. The arbitration board shall consist of one person designated by the plaintiff or plaintiffs, one person designated by the defendant or defendants, and a person designated by the court. The person designated by the court shall serve as the chairman of the board. Each member of the board shall receive a reasonable compensation based on the extent and duration of actual service rendered, and paid in equal proportions by the parties in interest. In a claim accompanied by a poverty affidavit, the cost of the arbitration shall be borne by the court.
 (B) The arbitration proceedings shall be conducted in accordance with sections 2711.06 to 2711.16 of the Revised Code insofar as they are applicable. Such proceedings shall be conducted in the county in which the trial is to be held.
 (C) If the decision of the arbitration board is not accepted by all parties thereto, the pleadings shall be amended to aver both the fact that the controversy was submitted to an arbitration board and the decision of the arbitration board. The decision of the arbitration board, and any dissenting opinion written by any board member, shall be admitted into evidence at trial upon the offer of any party, if the court conducts a review of the arbitration decision and any other relevant information submitted by the parties and concludes that:
 (1) The findings of fact by the arbitration board were not clearly erroneous;
 (2) The decision is in accordance with applicable law;
 (3) The procedures required for conducting the hearing and rendering the decision were followed fairly and properly without prejudice to either party.
 (D) Any party who has not made the offer stated in division (C) of this section may subpoena any member or members of the arbitration board for purposes of cross-examination.
 (E) Nothing in this section shall be construed to limit the right of any person to enter into an agreement to arbitrate a controversy underlying a medical claim or to be bound by the decision of the arbitrators.
 
 
 [2]
 An attempt by one party to prevent the decision from being admitted as evidence would be much more akin to a motion to vacate, yet even this would seem not to be governed by the three-month period. Section 2711.21(B) provides that the decision
 shall be admitted into evidence at trial upon the offer of any party, if the court conducts a review of the arbitration decision and any other relevant information submitted by the parties and concludes that:
 (1) The findings of fact by the arbitration board were not clearly erroneous;
 (2) The decision is in accordance with applicable law;
 (3) The procedures required for conducting the hearing and rendering the decision were followed fairly and properly without prejudice to either party.
 (Emphasis added).
 Subsection (3) encompasses many, if not all, of the grounds that would support a motion to vacate. If such grounds exist, though, a party is not required to raise the issue within three months. Rather, the statute requires the trial judge to consider the issue whenever the decision is offered into evidence, whether that be three months or three years after the decision is made. If the terms of the statute thus preclude the application of Sec. 2711.13 to something so closely analogous to an attempt to vacate, it makes little sense to apply Sec. 2711.13 to non-acceptance which seeks neither to exclude nor eviscerate the decision.