FIA CARD SERVICES, N.A., f.k.a. MBNA America Bank, N.A., Appellee,

v.

KITCHEN, Appellant.

[Cite as *FIA Card Servs., N.A. v. Kitchen*, 181 Ohio App.3d 557, 2009-Ohio-1295.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 08CA0105.

Decided March 19, 2009.

Lisa M. Michaels, for appellee.

Woodrow Wilson Kitchen, pro se.

FARMER, Presiding Judge.

{¶ 1} On February 27, 2003, appellant, Woodrow Kitchen, opened a credit card account with appellee, FIA Card Services, N.A., f.k.a. MBNA America Bank, N.A. Appellant subsequently defaulted on the account. Pursuant to the credit-card agreement, appellee submitted its claim to the National Arbitration Forum. Appellant filed a motion to dismiss for lack of jurisdiction. On March 21, 2008, the National Arbitration Forum entered an arbitration award in favor of appellee as against appellant in the amount of $7,486.82.

{¶ 2} On May 2, 2008, appellant filed a motion to vacate the arbitration award with the Municipal Court for Licking County, Ohio. On May 5, 2008, appellee filed a motion and application to confirm the arbitration award in the Court of Common Pleas for Licking County, Ohio, pursuant to R.C. 2711.09. On June 5, 2008, appellant filed an opposition in the common pleas court. By judgment entry filed July 15, 2008, the trial court granted appellee's motion to confirm the arbitration award.

{¶ 3} In the municipal court case, appellee filed a motion to dismiss appellant's motion to vacate. That motion was granted on July 23, 2008.

{¶ 4} Appellant filed a motion for relief from judgment with the common pleas court. By judgment entry filed August 12, 2008, the trial court denied this motion.

{¶ 5} Appellant filed an appeal, and this matter is now before this court for consideration. Before we begin our review, we must address the form of appellant's assignments of error. Although trial courts give leeway to pro se litigants, we cannot overlook appellant's failure to properly delineate assignments of error pursuant to App.R. 16(A)(3), which states that a brief of the appellant shall include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."

{¶ 6} Appellant enumerated the following four "Probable Issues for Review":

I

{¶ 7} "The clerk of the court erred to the prejudice of appellant by informing appellant that appellant's original motion to vacate the arbitration award should be filed in the municipal court for the sole cause that the claim was for less than $15,000.00."

II

{¶ 8} "The court erred to the prejudice of appellant by its neglect or refusal to combine appellant's motion to vacate that was filed in the municipal court with the appellee's motion to confirm arbitration award that was filed in the court of common pleas."

III

{¶ 9} "The court erred to the prejudice of appellant by its failure to consider admissible evidence offered by appellant that there was no agreement to arbitrate between the parties."

IV

{¶ 10} "The court erred to the prejudice of appellant by ruling that it had no discretion but to grant appellee's motion to confirm where it contended that appellant never moved to vacate the arbitration award."

{¶ 11} It is from these enumerated issues that we will proceed with our discussion on the merits raised sub judice.

I, II

{¶ 12} Under his first two issues, appellant claims that he was prejudiced by information he received from the clerk of courts as to where to file his motion to vacate the arbitration award and by the municipal court's failure to transfer the case to the court of common pleas.

{¶ 13} There is no record of appellant's raising these issues to the trial court. "It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220 [574 N.E.2d 457], overruled on other grounds in *Collins v. Sotka* [ (1998) ], 81 Ohio St.3d 506, [692 N.E.2d 581]." *Branden v. Branden,* Cuyahoga App. No. 91453, 2009-Ohio-866, 2009 WL 478383, ¶ 30.

{¶ 14} Furthermore, R.C. 2711.10 clearly states that the proper jurisdiction is with the court of common pleas. In addition, appellant never appealed the

municipal court's rulings. Therefore, the issues are res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

{¶ 15} Assignments of error I and II are denied.

### III, IV

{¶ 16} Under these issues, appellant challenges the trial court's failure to consider evidence that the parties did not have an arbitration agreement and the trial court's granting of appellee's motion to confirm the award.

{¶ 17} We must first address the procedural nature of this appeal. On August 14, 2008, appellant filed his notice of appeal, stating that he was appealing the trial court's judgment entry of July 15, 2008. This judgment entry granted appellee's motion and application to confirm the arbitration award pursuant to R.C. 2711.09, as follows:

{¶ 18} "THIS CAUSE came to be heard upon the Application and Motion of Plaintiff, by and through its counsel, for an Order confirming and enforcing an arbitration award. The Court finds that the arbitration award has not been vacated, modified or corrected as prescribed by O.R.C. § 2711.10 and/or O.R.C. § 2711.11. Accordingly, the Court finds that Plaintiff's Application and Motion are well taken and Plaintiff's Application and Motion is hereby granted and the arbitration award is hereby confirmed and adopted herein."

{¶ 19} The arbitration award was made on March 21, 2008. On May 5, 2008, appellee filed its motion and application to confirm the award with the Court of Common Pleas for Licking County, Ohio, pursuant to R.C. 2711.09. That statute governs application for an order confirming an award and states the following:

{¶ 20} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

{¶ 21} Appellant's right to appeal the award and establish the defense he now claims is governed by R.C. 2711.10 and/or 2711.11.

{¶ 22} R.C. 2711.10 states as follows: "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

{¶ 23} "(A) The award was procured by corruption, fraud, or undue means.

{¶ 24} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

{¶ 25} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

{¶ 26} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 27} "If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

{¶ 28} R.C. 2711.11 states as follows: "In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:

{¶ 29} "(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

{¶ 30} "(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

{¶ 31} "(C) The award is imperfect in matter of form not affecting the merits of the controversy.

{¶ 32} "The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

{¶ 33} The very narrow scope of the trial court's inquiry was whether there was a timely filing of the motion and application to confirm the award (within one year), and whether or not appellant had made a proper application to vacate the award under R.C. 2711.10. We note that appellant did not file a motion to vacate pursuant to R.C. 2711.10 with the court of common pleas within the three-month time limit set by R.C. 2711.13.

{¶ 34} On June 5, 2008, appellant filed a brief in support of defendant's opposition to plaintiff's application to confirm the award, wherein appellant argued the following:

{¶ 35} "Defendant objected to the arbitration swearing that no agreement to arbitrate existed. Defendant's objection further refused to submit any issue to the arbitrator for determination (including the issue of arbitrability). The arbitrator ignored Defendant's evidence and circumvented Defendant's right to due process by proceeding to conduct the arbitration procedures. The Arbitrator further exceeded its authority by entering the arbitration award against Defendant on issues not submitted to arbitration. Therefore, the arbitration award is void upon its face, and Defendant is entitled to have said award vacated, pursuant to O.R.C. § 2711.10(A), (B), (C), and (D)."

{¶ 36} Attempts to bootstrap an "answer" to a motion and application to confirm an arbitration award, which is a responsive pleading, into a motion to vacate under R.C. 2711.10 have been rejected by appellate courts:

{¶ 37} "Further, appellee's pleading was a responsive pleading to appellant's application for confirmation. R.C. § 2711.13 envisions the filing of a motion to modify as a proactive mechanism available to a party in interest who claims that an arbitrator's award is erroneous. The party claiming to be aggrieved may file a motion to modify the perceived inequity only within three months of the award. This analysis is strengthened when the one-year time limit for filing an application for a confirmation order is compared to the three-month time limit for the filing of a motion to modify, vacate, or correct. That is, a party in interest has one (1) year from delivery within which to make application for confirmation of an award but has only three (3) months from delivery within which to file a motion to modify the same award." *Land & Lake Dev., Inc. v. Lee Corp.* (Nov. 29, 1999), Defiance App. No. 4–99–10, 1999 WL 1072694, *4.

{¶ 38} We find this case to adequately reflect the true meaning of the statutory scheme. In the *Land & Lake Dev.* case, the response/answer/request under R.C. 2711.10 was not made within the three-month rule of R.C. 2711.13.

{¶ 39} Appellant's "response" or opposition brief was made within the statutory time limit of R.C. 2711.13; therefore, we deem this·motion, filed June 5, 2008, timely.

{¶ 40} Upon review, we find that before the trial court were two timely motions, a motion and application to confirm the arbitration award and a motion to vacate. The trial court did not address appellant's motion to vacate in its judgment entry, as the trial court explicitly found that appellant did not file such a motion.

{¶ 41} The matter is hereby reversed, and the cause is remanded for a decision under R.C. 2711.10 and 2711.11. The trial court should then proceed to confirmation, if appropriate, under R.C. 2711.09.

{¶ 42} Assignments of error III and IV are granted.

{¶ 43} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed, and the matter is remanded.

Judgment reversed
and cause remanded.

GWIN, J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

HOFFMAN, Judge, concurring in part and dissenting in part.

{¶ 44} I concur in the majority's analysis and disposition of appellant's first and second assignments of error. I respectfully dissent from the majority's disposition of appellant's third and fourth assignments of error.

{¶ 45} I recognize that appellant's response to appellee's motion to confirm was made within the three-month rule set forth in R.C. 2711.13 (thereby factually distinguishing this case from the *Land & Lake Dev.* case, 1999 WL 1072694). Nevertheless, I believe that the legal principle that filing a response to a motion to confirm does not qualify as a motion to modify, vacate, or correct still applies. As stated by the court in *Land & Lake Dev.*, a motion to modify, vacate, or correct is a "proactive mechanism." Appellant's response to appellee's motion to confirm was reactive. Accordingly, I would affirm the trial court's decision.