[Cite as *Nemec v. Morledge*, 2025-Ohio-4752.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CAROLYN F. NEMEC, M.D.,            :

    Plaintiff-Appellant,            :

                                  Nos. 114664 and 114744

    v.            :

THOMAS MORLEDGE, M.D., ET AL.,            :

    Defendants-Appellees.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED IN PART, REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** October 16, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931335

---

### *Appearances:*

Law Office of J. Michael Goldberg LLC and J. Michael
Goldberg, *for appellant*.

Brennan, Manna & Diamond, LLC, Adam D. Fuller, and
Elizabeth Shively Boatwright, *for appellees*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This appeal arises from an employment dispute between appellant
Carolyn F. Nemec, M.D. ("Nemec") and appellees Thomas Morledge, M.D.

("Morledge") and RIM Associates, LLC ("RIM Associates"). The relationship between the parties is governed by an employment agreement containing an arbitration provision. Thus, the substantive issues between the parties were arbitrated during 2023. After the arbitrator issued a decision and final revised award, each party took the procedural steps under R.C. Ch. 2711 to either vacate or confirm the arbitration award in the trial court. The result of these procedural actions provide the basis for this appeal. Specifically, Nemec asserts the following assignments of error for our review:

> (1) The trial court committed reversible error by reducing a sham arbitration award to judgment in a special statutory proceeding invoked by the filing of a Motion to Vacate that the court failed to acknowledge, consider, or rule upon.

> (2) The trial court committed reversible error by failing to consider and rule on appellant's motion for an order directing the Clerk of Courts, as a ministerial officer of the court, to indorse the date of filing on appellant's motion to vacate the arbitration award.

{¶ 2} The pivotal issue underlying this appeal is whether Nemec's motion to vacate the arbitration award was timely filed with the trial court and, more specifically, whether the Cuyahoga County Clerk of Courts ("clerk of courts") had the authority to reject for filing her motion to vacate solely on the basis that she failed to list the first named defendant from the complaint in the motion's case caption as required by Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3). Based on our review of relevant legal precedent and court rules, we conclude that the clerk of courts did not have the authority to reject for filing Nemec's motion to vacate because there was no specific court rule or law permitting it to reject a filing for that reason. We further conclude

that Nemec's motion to vacate was filed timely and should have been properly before the trial court prior to RIM Associates' filing of its application to confirm the arbitration award.

{¶ 3} Therefore, based on the record in this case, we find that the trial court erred in denying Nemec's "Motion for an order to the clerk of courts directing the clerk to comply with its mandatory, nondiscretionary duty under R.C. 2303.10 to indorse 27 October 2023 as the date of filing on Plaintiff's motion to vacate arbitration award." Because Nemec's motion to vacate was properly before it, the trial court also erred in granting RIM Associates' application to confirm the arbitration award under R.C. 2711.09 without first resolving the merits of the pending motion to vacate. Additionally, Nemec's filing of her notice of appeal deprived the trial court of jurisdiction to subsequently reduce the arbitration award to judgment and, therefore, that entry is void.

{¶ 4} Nemec's assignments of error are sustained. This matter is dismissed in part, reversed in part, and remanded back to the trial court for proceedings consistent with this opinion.

## I. Statement of Facts and Procedural Posture

### A. Background Facts

{¶ 5} Nemec and Morledge are both primary care doctors. RIM Associates, operating under the trade name Revati Wellness, is a "concierge" medical practice. A concierge medical practice allows patients to pay a monthly or annual fee in

exchange for immediate access to a primary care doctor. Morledge is a member of RIM Associates.

{¶ 6} In March 2018, Nemec entered into an employment contract with RIM Associates, which was executed by Morledge. Under the contract, Nemec would provide care to patients as part of RIM Associates. Nemec commenced her employment in April 2018 and was terminated by appellees in November 2019. During her employment, however, several disputes arose as to how appellees calculated Nemec's compensation under the contract.

**B. Procedural History — Pre-Arbitration**

{¶ 7} In March 2020, Nemec filed a complaint against Morledge and RIM Associates asserting breach of contract, bad faith, and defamation, among other claims. The allegations of Nemec's complaint primarily arose from her contentions that appellees did not properly compensate her according to the terms of their agreement as well as from the manner in which she was terminated by them.

{¶ 8} Pursuant to the terms of the parties' agreement, appellees filed a motion to compel arbitration in July 2020. The trial court granted appellees' motion. Nemec filed a notice of appeal with this court challenging the trial court's order compelling the parties to arbitrate. We affirmed the trial court's decision in September 2021. *Nemec v. Morledge*, 2021-Ohio-3361 (8th Dist.). As a result, the parties proceeded to arbitration to resolve the substantive claims between them.

## C. Arbitration

{¶ 9} On July 27, 2023, the arbitrator issued a final revised arbitration award. The award resolved all claims asserted and against all parties.[1] The award found in favor of Nemec for business and professional expenses in the amount of $6,292.33. The award, however, also found in favor of RIM Associates in the amount of $17,022.98 for attorney fees and costs it incurred as the result of Nemec's breach of the employment agreement's arbitration provision. Accordingly, Nemec was ordered to pay a total of $10,730.65 to RIM Associates.

## D. Procedural History — Post-Arbitration

{¶ 10} On Friday evening, October 27, 2023, Nemec electronically submitted two documents for filing with the clerk of courts: a notice of filing of a motion to vacate arbitration award and a motion to vacate arbitration award. Nemec received electronic confirmation that both documents were received by the clerk of courts. Because it was after normal business hours, Nemec did not receive electronic confirmation that these documents were accepted for filing by the clerk of courts at that time. Concurrently, Nemec electronically served copies of these two documents upon opposing counsel.

{¶ 11} On Saturday, October 28, 2023, Nemec received electronic confirmation from the clerk of courts that her notice of filing a motion to vacate arbitration award was accepted for filing. However, on Monday, October 30, 2023,

---

[1] The final arbitration award found Morledge not liable for defamation.

Nemec received an electronic message from the clerk of courts informing her that her motion to vacate had been rejected for filing because the "defendants do not match." Upon review, Nemec discovered that she had listed RIM Associates as the defendant in the case caption rather than Morledge who had been named as the first defendant in the original complaint. On November 1, 2023, Nemec filed a motion for an order directing the clerk of courts to indorse and docket her motion to vacate as filed on October 27, 2023.

{¶ 12} In turn, on November 2, 2023, RIM Associates filed an application to confirm the arbitration award. Thereafter, RIM Associates also filed an opposition to Nemec's motion for order directing the clerk of courts to accept for filing her motion to vacate. Nemec requested a stay of the proceedings with regard to RIM Associates' application to confirm arbitration award, and RIM Associates opposed the requested stay.

{¶ 13} A year later, on November 14, 2024, the trial court issued the following orders:

> (1) Plaintiff's motion for an order to the clerk of courts directing the clerk to comply with its mandatory, non discretionary duty under RC section 2303.10 to indorse 27 October 2023 as the date of filing on Plaintiff's motion to vacate arbitration award, filed November 1, 2023, is denied as moot.
>
> (2) Defendant's application for order confirming arbitration award, filed November 2, 2023, is granted.
>
> (3) Plaintiff's motion for an order staying the proceedings on defendants' application to enforce arbitration award, filed on November 16, 2023, is denied.

{¶ 14} On December 16, 2024, Nemec filed a notice of appeal challenging these orders. Thereafter, on December 17, 2024, the trial court entered an order reducing the arbitration award to judgment. On January 13, 2025, Nemec filed a notice of appeal challenging the December 17, 2024 order as well.

**E. Appellate Posture**

{¶ 15} On January 24, 2025, this court consolidated the two pending appeals. On July 10, 2025, this court ordered the parties to submit briefing addressing whether this matter presented a final appealable order because it was unclear whether the claims against Morledge had been resolved in the arbitration. The court also requested the parties to address the transfer-of-jurisdiction principle as it applies to the trial court's December 17, 2024 judgment entry reducing the arbitration award to judgment, which was filed after Nemec filed her first notice of appeal. In August 2025, the parties were also directed to submit additional briefing regarding the legal implications, if any, of Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(9) on this matter.

{¶ 16} Upon review of the parties' jurisdictional briefing, this court is satisfied that there is a final appealable order presented for our review and, specifically, that the arbitration award resolved all claims against Morledge. As to the trial court's December 17, 2024 judgment entry, the court finds that as a result of the filing of Nemec's notice of appeal on December 16, 2024, the trial court lacked jurisdiction to enter this order and, as discussed further below, it is void.

## II. Law and Analysis

### A. Assignment of Error No. 1

The trial court committed reversible error by reducing a sham arbitration award to judgment in a special statutory proceeding invoked by the filing of a Motion to Vacate that the court failed to acknowledge, consider, or rule upon.

{¶ 17} On its face, assignment of error No. 1 challenges the trial court's December 17, 2024 entry reducing the arbitration award to judgment. While both parties' arguments hereunder address issues relevant to assignment of error No. 2 (and discussed below), we sustain this assignment of error because the trial court lacked jurisdiction to reduce the arbitration award to judgment after Nemec filed her notice of appeal challenging the trial court's November 14, 2024 orders. Therefore, this order is void.

{¶ 18} It is a well-established principle that "[w]hen a notice of appeal is filed, the trial court loses jurisdiction except to take action in aid of the appeal." *State v. Drake*, 2017-Ohio-7328, ¶ 2 (8th Dist.), citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Further, the trial court will only retain jurisdiction over issues "'not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which an appeal is taken.'" *Id.*, quoting, in part, *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). Issues considered "not inconsistent" with appellate jurisdiction include "collateral issues like contempt, appointment of a receiver and injunction." *State ex rel. Special Prosecutors* at 97, citing *In re Kurtzhalz*, 141 Ohio

St. 432, 435-436 (1943); *Goode v. Wiggins*, 12 Ohio St. 341, 347 (1861); *Fawick Airflex Co. v. United Elec. Radio & Machine Workers*, 90 Ohio App. 24 (8th Dist. 1951).

{¶ 19} "Where the trial court enters an order without jurisdiction, its order is void and a nullity." *State v. Abboud*, 2006-Ohio-6587, ¶ 13 (8th Dist.), citing *State v. Taogaga*, 2002-Ohio-5062, ¶ 18 (8th Dist.). "It is axiomatic that plaintiffs cannot appeal from a void judgment." *In re G.C.*, 2021-Ohio-2442, ¶ 8 (8th Dist.), quoting *City Friends v. Kuhlman*, 1991 Ohio App. LEXIS 4988, *4 (8th Dist. Oct. 17, 1991). Because no appeal lies from a void judgment, an appeal based on a void judgment is properly dismissed. *Id.*, citing *Kornick v. Zomparelli*, 1988 Ohio App. LEXIS 896, *3 (8th Dist. Mar. 17, 1988).

{¶ 20} On December 16, 2024, Nemec filed her notice of appeal challenging the trial court's trio of orders issued on November 14, 2024. Thus, the trial court lost jurisdiction to take any action in this matter inconsistent with this court's authority to reverse, modify, or affirm these orders on that day. Consequently, the trial court lacked jurisdiction to issue its order reducing the arbitration award to judgment on December 17, 2024. This order is in direct conflict with our ability to reverse or modify the trial court's November 14, 2024 orders. Therefore, the trial court's judgment entry is void. Assignment of error No. 1 is sustained, the trial court's December 17, 2024 order is void, and 8th Dist. Cuyahoga No. 114744 is dismissed.

**B. Assignment of Error No. 2**

The trial court committed reversible error by failing to consider and rule on appellant's motion for an order directing the Clerk of Courts, as a ministerial officer of the court, to indorse the date of filing on appellant's motion to vacate the arbitration award.

{¶ 21} Nemec's second assignment of error asserts that the trial court erred in failing to consider and rule on her motion for an order directing the clerk of courts to indorse October 27, 2023, as the date of filing of her motion to vacate. Specifically, Nemec argues that the clerk of courts did not have the authority to reject for filing her motion to vacate and, further, that her motion was timely filed. Thus, Nemec argues that the trial court should have granted her motion and resolved the merits of her motion to vacate prior to determining RIM Associates' application to confirm the arbitration award. As a result, Nemec contends the trial court also erred in confirming the arbitration award as well as refusing to stay the proceedings.

{¶ 22} In turn, appellees argue that the clerk of courts properly rejected her filing because Nemec identified the wrong defendant in the case caption in violation of Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3) and 39. Appellees further argue that Nemec's alleged filing is untimely. Thus, according to appellees, the trial court properly confirmed the application for confirmation of the arbitration award and denied the motion to stay because there was no pending motion to vacate.

{¶ 23} For the following reasons, we sustain Nemec's second assignment of error.

**1. The Trial Court Erred in Failing to Consider and Rule on Nemec's Motion for an Order Directing the Clerk of Courts**