[Cite as *Nemec v. Morledge*, 2025-Ohio-4752.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CAROLYN F. NEMEC, M.D.,                 :

     Plaintiff-Appellant,                    :

     v.                                      :

THOMAS MORLEDGE, M.D., ET AL.,          :

     Defendants-Appellees.                   :

Nos. 114664 and 114744

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED IN PART, REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** October 16, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931335

---

### *Appearances:*

Law Office of J. Michael Goldberg LLC and J. Michael
Goldberg, *for appellant*.

Brennan, Manna & Diamond, LLC, Adam D. Fuller, and
Elizabeth Shively Boatwright, *for appellees*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This appeal arises from an employment dispute between appellant

Carolyn F. Nemec, M.D. ("Nemec") and appellees Thomas Morledge, M.D.

("Morledge") and RIM Associates, LLC ("RIM Associates"). The relationship between the parties is governed by an employment agreement containing an arbitration provision. Thus, the substantive issues between the parties were arbitrated during 2023. After the arbitrator issued a decision and final revised award, each party took the procedural steps under R.C. Ch. 2711 to either vacate or confirm the arbitration award in the trial court. The result of these procedural actions provide the basis for this appeal. Specifically, Nemec asserts the following assignments of error for our review:

> (1)    The trial court committed reversible error by reducing a sham arbitration award to judgment in a special statutory proceeding invoked by the filing of a Motion to Vacate that the court failed to acknowledge, consider, or rule upon.

> (2)    The trial court committed reversible error by failing to consider and rule on appellant's motion for an order directing the Clerk of Courts, as a ministerial officer of the court, to indorse the date of filing on appellant's motion to vacate the arbitration award.

{¶ 2}    The pivotal issue underlying this appeal is whether Nemec's motion to vacate the arbitration award was timely filed with the trial court and, more specifically, whether the Cuyahoga County Clerk of Courts ("clerk of courts") had the authority to reject for filing her motion to vacate solely on the basis that she failed to list the first named defendant from the complaint in the motion's case caption as required by Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3). Based on our review of relevant legal precedent and court rules, we conclude that the clerk of courts did not have the authority to reject for filing Nemec's motion to vacate because there was no specific court rule or law permitting it to reject a filing for that reason. We further conclude

that Nemec's motion to vacate was filed timely and should have been properly before the trial court prior to RIM Associates' filing of its application to confirm the arbitration award.

{¶ 3} Therefore, based on the record in this case, we find that the trial court erred in denying Nemec's "Motion for an order to the clerk of courts directing the clerk to comply with its mandatory, nondiscretionary duty under R.C. 2303.10 to indorse 27 October 2023 as the date of filing on Plaintiff's motion to vacate arbitration award." Because Nemec's motion to vacate was properly before it, the trial court also erred in granting RIM Associates' application to confirm the arbitration award under R.C. 2711.09 without first resolving the merits of the pending motion to vacate. Additionally, Nemec's filing of her notice of appeal deprived the trial court of jurisdiction to subsequently reduce the arbitration award to judgment and, therefore, that entry is void.

{¶ 4} Nemec's assignments of error are sustained. This matter is dismissed in part, reversed in part, and remanded back to the trial court for proceedings consistent with this opinion.

## I. Statement of Facts and Procedural Posture

### A. Background Facts

{¶ 5} Nemec and Morledge are both primary care doctors. RIM Associates, operating under the trade name Revati Wellness, is a "concierge" medical practice. A concierge medical practice allows patients to pay a monthly or annual fee in

exchange for immediate access to a primary care doctor. Morledge is a member of RIM Associates.

{¶ 6} In March 2018, Nemec entered into an employment contract with RIM Associates, which was executed by Morledge. Under the contract, Nemec would provide care to patients as part of RIM Associates. Nemec commenced her employment in April 2018 and was terminated by appellees in November 2019. During her employment, however, several disputes arose as to how appellees calculated Nemec's compensation under the contract.

**B. Procedural History — Pre-Arbitration**

{¶ 7} In March 2020, Nemec filed a complaint against Morledge and RIM Associates asserting breach of contract, bad faith, and defamation, among other claims. The allegations of Nemec's complaint primarily arose from her contentions that appellees did not properly compensate her according to the terms of their agreement as well as from the manner in which she was terminated by them.

{¶ 8} Pursuant to the terms of the parties' agreement, appellees filed a motion to compel arbitration in July 2020. The trial court granted appellees' motion. Nemec filed a notice of appeal with this court challenging the trial court's order compelling the parties to arbitrate. We affirmed the trial court's decision in September 2021. *Nemec v. Morledge*, 2021-Ohio-3361 (8th Dist.). As a result, the parties proceeded to arbitration to resolve the substantive claims between them.

### C. Arbitration

{¶ 9}   On July 27, 2023, the arbitrator issued a final revised arbitration award.  The award resolved all claims asserted and against all parties.[1]  The award found in favor of Nemec for business and professional expenses in the amount of $6,292.33.  The award, however, also found in favor of RIM Associates in the amount of $17,022.98 for attorney fees and costs it incurred as the result of Nemec's breach of the employment agreement's arbitration provision.  Accordingly, Nemec was ordered to pay a total of $10,730.65 to RIM Associates.

### D. Procedural History — Post-Arbitration

{¶ 10}  On Friday evening, October 27, 2023, Nemec electronically submitted two documents for filing with the clerk of courts: a notice of filing of a motion to vacate arbitration award and a motion to vacate arbitration award.  Nemec received electronic confirmation that both documents were received by the clerk of courts. Because it was after normal business hours, Nemec did not receive electronic confirmation that these documents were accepted for filing by the clerk of courts at that time.  Concurrently, Nemec electronically served copies of these two documents upon opposing counsel.

{¶ 11} On Saturday, October 28, 2023, Nemec received electronic confirmation from the clerk of courts that her notice of filing a motion to vacate arbitration award was accepted for filing.  However, on Monday, October 30, 2023,

---

[1] The final arbitration award found Morledge not liable for defamation.

Nemec received an electronic message from the clerk of courts informing her that her motion to vacate had been rejected for filing because the "defendants do not match." Upon review, Nemec discovered that she had listed RIM Associates as the defendant in the case caption rather than Morledge who had been named as the first defendant in the original complaint. On November 1, 2023, Nemec filed a motion for an order directing the clerk of courts to indorse and docket her motion to vacate as filed on October 27, 2023.

{¶ 12} In turn, on November 2, 2023, RIM Associates filed an application to confirm the arbitration award. Thereafter, RIM Associates also filed an opposition to Nemec's motion for order directing the clerk of courts to accept for filing her motion to vacate. Nemec requested a stay of the proceedings with regard to RIM Associates' application to confirm arbitration award, and RIM Associates opposed the requested stay.

{¶ 13} A year later, on November 14, 2024, the trial court issued the following orders:

> (1) Plaintiff's motion for an order to the clerk of courts directing the clerk to comply with its mandatory, non discretionary duty under RC section 2303.10 to indorse 27 October 2023 as the date of filing on Plaintiff's motion to vacate arbitration award, filed November 1, 2023, is denied as moot.
>
> (2) Defendant's application for order confirming arbitration award, filed November 2, 2023, is granted.
>
> (3) Plaintiff's motion for an order staying the proceedings on defendants' application to enforce arbitration award, filed on November 16, 2023, is denied.

{¶ 14} On December 16, 2024, Nemec filed a notice of appeal challenging these orders. Thereafter, on December 17, 2024, the trial court entered an order reducing the arbitration award to judgment. On January 13, 2025, Nemec filed a notice of appeal challenging the December 17, 2024 order as well.

**E. Appellate Posture**

{¶ 15} On January 24, 2025, this court consolidated the two pending appeals. On July 10, 2025, this court ordered the parties to submit briefing addressing whether this matter presented a final appealable order because it was unclear whether the claims against Morledge had been resolved in the arbitration. The court also requested the parties to address the transfer-of-jurisdiction principle as it applies to the trial court's December 17, 2024 judgment entry reducing the arbitration award to judgment, which was filed after Nemec filed her first notice of appeal. In August 2025, the parties were also directed to submit additional briefing regarding the legal implications, if any, of Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(9) on this matter.

{¶ 16} Upon review of the parties' jurisdictional briefing, this court is satisfied that there is a final appealable order presented for our review and, specifically, that the arbitration award resolved all claims against Morledge. As to the trial court's December 17, 2024 judgment entry, the court finds that as a result of the filing of Nemec's notice of appeal on December 16, 2024, the trial court lacked jurisdiction to enter this order and, as discussed further below, it is void.

## II. Law and Analysis

### A. Assignment of Error No. 1

The trial court committed reversible error by reducing a sham arbitration award to judgment in a special statutory proceeding invoked by the filing of a Motion to Vacate that the court failed to acknowledge, consider, or rule upon.

{¶ 17} On its face, assignment of error No. 1 challenges the trial court's December 17, 2024 entry reducing the arbitration award to judgment. While both parties' arguments hereunder address issues relevant to assignment of error No. 2 (and discussed below), we sustain this assignment of error because the trial court lacked jurisdiction to reduce the arbitration award to judgment after Nemec filed her notice of appeal challenging the trial court's November 14, 2024 orders. Therefore, this order is void.

{¶ 18} It is a well-established principle that "[w]hen a notice of appeal is filed, the trial court loses jurisdiction except to take action in aid of the appeal." *State v. Drake*, 2017-Ohio-7328, ¶ 2 (8th Dist.), citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Further, the trial court will only retain jurisdiction over issues "'not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which an appeal is taken.'" *Id.*, quoting, in part, *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). Issues considered "not inconsistent" with appellate jurisdiction include "collateral issues like contempt, appointment of a receiver and injunction." *State ex rel. Special Prosecutors* at 97, citing *In re Kurtzhalz*, 141 Ohio

St. 432, 435-436 (1943); *Goode v. Wiggins*, 12 Ohio St. 341, 347 (1861); *Fawick Airflex Co. v. United Elec. Radio & Machine Workers*, 90 Ohio App. 24 (8th Dist. 1951).

**{¶ 19}** "Where the trial court enters an order without jurisdiction, its order is void and a nullity." *State v. Abboud*, 2006-Ohio-6587, ¶ 13 (8th Dist.), citing *State v. Taogaga*, 2002-Ohio-5062, ¶ 18 (8th Dist.). "It is axiomatic that plaintiffs cannot appeal from a void judgment." *In re G.C.*, 2021-Ohio-2442, ¶ 8 (8th Dist.), quoting *City Friends v. Kuhlman*, 1991 Ohio App. LEXIS 4988, *4 (8th Dist. Oct. 17, 1991). Because no appeal lies from a void judgment, an appeal based on a void judgment is properly dismissed. *Id.*, citing *Kornick v. Zomparelli*, 1988 Ohio App. LEXIS 896, *3 (8th Dist. Mar. 17, 1988).

**{¶ 20}** On December 16, 2024, Nemec filed her notice of appeal challenging the trial court's trio of orders issued on November 14, 2024. Thus, the trial court lost jurisdiction to take any action in this matter inconsistent with this court's authority to reverse, modify, or affirm these orders on that day. Consequently, the trial court lacked jurisdiction to issue its order reducing the arbitration award to judgment on December 17, 2024. This order is in direct conflict with our ability to reverse or modify the trial court's November 14, 2024 orders. Therefore, the trial court's judgment entry is void. Assignment of error No. 1 is sustained, the trial court's December 17, 2024 order is void, and 8th Dist. Cuyahoga No. 114744 is dismissed.

**B. Assignment of Error No. 2**

The trial court committed reversible error by failing to consider and rule on appellant's motion for an order directing the Clerk of Courts, as a ministerial officer of the court, to indorse the date of filing on appellant's motion to vacate the arbitration award.

{¶ 21} Nemec's second assignment of error asserts that the trial court erred in failing to consider and rule on her motion for an order directing the clerk of courts to indorse October 27, 2023, as the date of filing of her motion to vacate. Specifically, Nemec argues that the clerk of courts did not have the authority to reject for filing her motion to vacate and, further, that her motion was timely filed. Thus, Nemec argues that the trial court should have granted her motion and resolved the merits of her motion to vacate prior to determining RIM Associates' application to confirm the arbitration award. As a result, Nemec contends the trial court also erred in confirming the arbitration award as well as refusing to stay the proceedings.

{¶ 22} In turn, appellees argue that the clerk of courts properly rejected her filing because Nemec identified the wrong defendant in the case caption in violation of Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3) and 39. Appellees further argue that Nemec's alleged filing is untimely. Thus, according to appellees, the trial court properly confirmed the application for confirmation of the arbitration award and denied the motion to stay because there was no pending motion to vacate.

{¶ 23} For the following reasons, we sustain Nemec's second assignment of error.

**1. The Trial Court Erred in Failing to Consider and Rule on Nemec's Motion for an Order Directing the Clerk of Courts**

**to Indorse October 27, 2023, as the Date of Filing of Her Motion to Vacate**

**{¶ 24}** Our resolution of this issue requires us to interpret and apply several statutes and court rules relating to arbitration, the authority of the clerk of courts, electronic filing, and document formatting requirements. Therefore, we apply a de novo standard of review. *See, e.g., Clay v. Galita*, 2024-Ohio-833, ¶ 12 (8th Dist.) (statutory construction is a question of law subject to de novo review); *Vaught v. Cleveland Clinic Found.*, 2001 Ohio App. LEXIS 3958, *4 (8th Dist. Sept. 6, 2001) (interpretation of court rules just like statutes is subject to de novo standard of review). Additionally, the general principles of statutory construction apply to interpret court rules. *In re T.A.*, 2022-Ohio-4173, citing *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 2006-Ohio-5793, ¶ 23. Accordingly, absent ambiguity, we must give effect to the plain meaning of the rule or statute and the words used in either must be accorded their usual, normal, and customary meaning. *Clay* at ¶ 12, citing *State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 173 (1996); *State v. Waddell*, 71 Ohio St.3d 630, 631 (1995); R.C. 1.42.

**a. Nemec's Motion to Vacate Was Filed**

**{¶ 25}** "A document is 'filed' when it is deposited properly for filing with the clerk of courts." *Zanesville v. Rouse*, 2010-Ohio-2218, paragraph two of the syllabus, *vacated in part on reconsideration on other grounds by Zanesville v. Rouse*, 2010-Ohio-3754. Moreover, "the filing of a document does not depend on

the performance of a clerk's duties." *Id.* at ¶ 7. The *Rouse* Court elaborated on this rule as follows:

> The clerk's duty to certify the act of filing arises only after a document is filed. This is implicit in the statutes and rules regarding filing. *See* R.C. 1901.31, 2303.08. 2303.10 and 2303.31, and Sup.R. 26.5 and 44. For instance, Sup.R. 44(E) provides that "'file' means to deposit a document with a clerk of court, *upon which the occurrence* of which the clerk time or date stamps and dockets the document." Thus, a party "files" by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing. In short, the time or date stamp does not cause the filing; the filing causes the certification.

(Emphasis added in original.) *Id.* at ¶ 7. Stated differently, "'[w]hen a paper is in good faith delivered to the proper office to be filed, and by him received to be kept in its proper place in his office, it is "filed."'" *Id.* at ¶ 8, quoting *King v. Penn*, 43 Ohio St. 57, 61 (1885). This court has followed this legal principle. *See, e.g., Wiltz v. Cleveland Clinic*, 2021-Ohio-62, ¶ 52 (8th Dist.); *Rogers v. Fuerst*, 2014-Ohio-2774, ¶ 14 (8th Dist.); *State v. Smith*, 2013-Ohio-3154, ¶ 6 (8th Dist.).

{¶ 26} The record in this case demonstrates that Nemec deposited her motion to vacate with the clerk of courts through its electronic filing system on October 27, 2023. The record also demonstrates that the clerk of courts received this document. Additionally, the record demonstrates that Nemec received confirmation from the clerk of courts on October 28, 2023, that it had accepted for filing her notice of filing a motion to vacate. Consequently, we find that Nemec's motion to vacate was filed on October 27, 2023, when she delivered the document to the clerk of courts through its electronic filing system. Thus, the pivotal question becomes whether the clerk of courts had the authority to reject that filing.

### b. The Clerk of Courts Did Not Have the Authority to Reject Nemec's Motion to Vacate for Filing Because She Named the Wrong Defendant in the Case Caption

{¶ 27} In general, due to its lack of discretion, a clerk of courts does not have the authority to reject a document for filing. *See generally State ex rel. Office of the Montgomery Cty. Pub. Defender v. Siroki*, 2006-Ohio-1065, ¶ 12; *State ex rel. Wanamaker v. Miller*, 164 Ohio St. 176, 177 (1955); *Jones v. Univ. Hosps. of Cleveland*, 2018-Ohio-4704, ¶ 21 (8th Dist.); R.C. Ch. 2303 et seq. As stated by the Ohio Supreme Court, "The power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such paper is vested in the court, not the clerk." *Siroki* at ¶ 12. "It is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him . . . ." *State ex rel. Wanamaker v. Miller*, 164 Ohio St. 176, 177 (1955).

{¶ 28} Nevertheless, a clerk of courts may be vested with the authority to reject a document submitted for filing by a court rule or law. *Jones* at ¶ 21, citing *Gribbons v. Acor Orthopedic, Inc.*, 2004-Ohio-5872, ¶ 13-16 (8th Dist.); *see also Slosser v. Supance*, 2021-Ohio-319, ¶ 44 (10th Dist.). For example, R.C. 2323.52 authorizes the clerk of courts to reject a filing made by a vexatious litigator. Likewise, Cuyahoga C.P. Gen. Div. Loc.R. 8(B) authorizes the clerk of courts to reject a complaint filed with no case designation sheet. *Gribbons* at ¶ 15-16.

{¶ 29} In addition to *Gribbons*, we have followed this basic principle in several instances. In *Rutti v. Dobeck*, 2017-Ohio-8737, ¶ 16 (8th Dist.), we affirmed

the trial court's dismissal of a complaint as untimely filed, in part, because the Cuyahoga County Court of Common Pleas First Amended Temporary Administrative Order ("TAO") authorized the clerk of courts to reject corrupted documents.[2] Similarly, in *Culler v. Marc Glassman, Inc.*, 2014-Ohio-5434, ¶ 18-19 (8th Dist.), we affirmed the dismissal of a complaint as untimely filed interpreting the TAO to authorize a clerk of courts to reject a complaint filed without a signature in violation of Civ.R. 11. In *Hanak v. Kraus*, 2022-Ohio-1941, ¶ 14-15 (8th Dist.), this court affirmed dismissal of a complaint as untimely because Cuyahoga C.P. Gen.Div. Loc.R. 39(H)(3) provided that if a party had technical difficulties with the electronic filing system, they were to file in paper format in person with the clerk of courts. Lastly, in *Jones* at ¶ 31, we reversed a trial court's dismissal of a complaint because there was no rule or law authorizing clerk of courts to reject a manually filed complaint lacking addresses in the case caption.

{¶ 30} Thus, in this matter, we must determine whether a court rule or law authorized the clerk of courts to reject for filing Nemec's motion to vacate because she failed to list the first named defendant from the complaint in the case caption. Nemec asserts the clerk did not have the authority to reject her motion to vacate. In contrast, appellees assert that Cuyahoga C.P. Gen.Div. Loc.R. 39, in conjunction with Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3), authorized the clerk of courts to reject Nemec's motion to vacate.

---

[2] The TAO governed electronic filing in Cuyahoga County until adoption of Cuyahoga C.P. Gen.Div. Loc.R. 39 in October 2018.

{¶ 31} Cuyahoga C.P. Gen.Div. Loc.R. 39 addresses electronic filing of documents in the Cuyahoga Court of Common Pleas. Cuyahoga C.P. Gen.Div. Loc.R. 39(F) generally outlines the clerk's duties when a document is filed including its duty to conduct a "clerk review" and to either "accept" or "reject" that submission. A "clerk review" is defined as

> [a] review of electronically filed documents by the Clerk of Courts. The clerk will review the data and documents electronically submitted to ensure the document is signed by the filer, *is in compliance with all court formatting rules*, is accompanied by the required payment, does not require a judge's signature, and that the document matches what the filer states he or she is filing.

(Emphasis added.) Cuyahoga C.P. Gen.Div. Loc.R. 39(B)(1). Cuyahoga C.P. Gen.Div. Loc.R. 39(D)(1) requires that "all E-Filed documents must, to the extent practicable, be formatted in accordance with Local Rule 8 and Civ.R. 10."

{¶ 32} Cuyahoga C.P. Gen.Div. Loc.R. 8 addresses the formatting requirements of pleadings and other motions.[3] Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3) addresses the requirements for a case caption in filings made after the complaint and states that a party include the "name of the first defendant" listed in the complaint in all subsequent filings. Thus, under Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3), Nemec was required to name Morledge as the first named defendant in her complaint in the case caption of all subsequent filings including her motion to vacate. Nemec, however, identified RIM Associates who was listed as the second

---

[3] Civ.R. 10 is only applicable to pleadings and, therefore, not relevant to Nemec's motion to vacate.

defendant in her complaint in the case caption of her motion to vacate. Thus, Nemec's motion to vacate did not comply with the requirements of Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(3).

{¶ 33} However, in 2022, Cuyahoga C.P. Gen.Div. Loc.R. 8(A) was amended to include the following provision: "(A)(9) Failure to Comply. The Court may strike any filings that do not comply with this rule." This provision expressly and unambiguously provides that the consequence for noncompliance with Cuyahoga C.P. Gen.Div. Loc.R. 8(A)(1)-(8) is that the court may choose to strike the document. In other words, this rule does not authorize the clerk of courts to reject the filing of the document under these circumstances. Based on the foregoing, we find that, pursuant to the unambiguous language of the court's own rules, the clerk of courts did not have the authority to reject for filing Nemec's motion to vacate on the ground that the wrong defendant was named in the caption.

### c. Nemec's Motion to Vacate Was Timely Filed

{¶ 34} Appellees also assert that Nemec's alleged filing of her motion to vacate was not timely. R.C. 2711.13 requires a party to file a motion to vacate within three months after the award is delivered to the parties. The arbitration award in this matter was delivered on July 27, 2023. Nemec asserts that her motion to vacate was timely filed on October 27, 2023 — three calendar months after delivery of the award. Appellees, however, argue that any motion to vacate should have been filed by Wednesday, October 25, 2023, or within 90 days after the award was delivered

to the parties. In short, they contend that 90 days equals three months. This argument is without merit.

{¶ 35} The Ohio Supreme Court decision in *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505, is controlling and dispositive of this issue.[4] Indeed, the *Cox* Court expressly outlined how to calculate the three-month requirement under R.C. 2711.13. *Id.* at ¶ 19-23; *see also Galion v. Am. Fedn. & Mun. Emps., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620 (1995), paragraph one of the syllabus (expressly confirming that R.C. 2711.13 provides a "three-month period" within which a party must file a motion to vacate). "We measure the start and end point of the three-month time limit in R.C. 2711.13 by applying relevant provisions of the Revised Code and the Rules of Civil Procedure governing service of motions." *Cox* at ¶ 19. "R.C. 1.14 provides that 'the time within which an act is required by law to be done shall be computed by excluding the first and including the last day.'" *Id.* at ¶ 20; *see also* Civ.R. 6(A). "R.C. 1.45 defines the end date of any period of months by reference to the beginning date: 'If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun . . . .'" *Id.* at ¶ 21, quoting R.C. 1.45.

---

[4] This court rejects the limited authority cited by appellees on several grounds, including that two of the cases are noncontrolling federal authority decided well before the *Cox* decision. *See generally Bartlett v. Blanchard Valley Hosp. Assn.*, 767 F.2d 919 (6th Cir. 1985); *Ward v. Alside, Inc.*, 550 F.Supp. 1074 (N.D. Ohio 1982).

{¶ 36} Applying the *Cox* analysis to this case, the "start date" is July 28, 2023 — the day after the arbitration award was delivered to the parties. R.C. 1.14; Civ.R. 6(A). The "end date" is October 28, 2023 — the same numerical day three months later. R.C. 1.45. Because October 28, 2023, was a Saturday, the "end date" was extended until October 30, 2023. Civ.R. 6(A). Nemec's motion to vacate was filed on October 27, 2023, and was, therefore, timely filed.

{¶ 37} Based on the foregoing, we conclude that Nemec's motion to vacate was timely filed. Consequently, the trial court erred in denying Nemec's motion for an order directing the clerk of courts to indorse the motion to vacate as filed on October 27, 2023, and to place this motion on the court's docket. The trial court's order denying this motion as moot is reversed, and this matter is remanded back to the trial court with instructions to place Nemec's motion to vacate on the court's active docket.

### 2. The Trial Court Erred in Confirming the Arbitration Award

{¶ 38} "'When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo.'" *Cuyahoga Cty. v. Ohio Patrolmen's Benevolent, Assn.*, 2024-Ohio-1055, ¶ 17 (8th Dist.), quoting *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Edn. Assn. for Dev. Disabilities*, 2018-Ohio-1590, ¶ 25. The question before us is whether the trial court erred in confirming an arbitration award when there is a timely filed

motion to vacate pending before it.  This issue requires us to interpret R.C. 2711.09 and is, therefore, a question of law.  *Id.* at ¶ 17-18.

{¶ 39} R.C. 2711.09 addresses a party's application to the trial court for an order confirming an arbitration award.  Specifically, R.C. 2711.09 provides:

> At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award.  Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code . . . .

The Ohio Supreme Court has interpreted this statute to require a trial court to confirm an arbitration award "unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 174 (1985).  Stated otherwise, "the trial court should grant a request to confirm an arbitration award as long as no party has filed a timely request to vacate or modify the award." *FOP v. Athens*, 2001 Ohio App. LEXIS 5166, *6 (8th Dist. Nov. 14, 2001), citing R.C. 2711.09.  R.C. 2711.09 implicitly requires that a trial court must resolve the merits of a timely filed motion to vacate before granting or otherwise addressing the merits of a timely filed application to confirm the arbitration award.  *See, e.g., FIA Card Servs., N.A. v. Kitchen*, 2009-Ohio-1295, ¶ 39-41 (5th Dist.) (reversing trial court's confirmation of arbitration award when there was a timely filed motion to vacate pending); *Nester v. Nester*, 1995 Ohio App. LEXIS 2174, *4 (10th Dist. Mar. 23, 1995) (trial court erred when it refused to consider defendant's timely motion to vacate the

arbitrator's award, but that error was harmless because defendant's arguments were addressed in decision on motion to confirm). To hold otherwise would prevent the court from making any determination as to whether "cause to modify or vacate" was shown by the party filing a timely motion to vacate.

{¶ 40} As demonstrated above, a timely motion to vacate was filed in this matter. Pursuant to the unambiguous language of R.C. 2711.09, the trial court erred in granting RIM Associates' motion to confirm the arbitration award without first addressing the merits of Nemec's motion to vacate. Therefore, we reverse the trial court's decision granting RIM Associates' motion to confirm the arbitration award and remand the case back to the trial court to first consider the merits of Nemec's motion to vacate.

{¶ 41} For the same reasons, we vacate the trial court's order denying Nemec's motion to stay proceedings on RIM Associates' application to enforce the arbitration award.

{¶ 42} This cause is dismissed in part and reversed in part. Specifically, 8th Dist. Cuyahoga No. 114744 is dismissed and the trial court's order reducing the arbitration award to judgment is void. 8th Dist. Cuyahoga No. 114664 is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR